BRIAN BERGER ET AL. *v.* MORRIS E. TONKEN ET AL.
(11641)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued January 6—decision released April 3, 1984

*Bruce A. Morrison,* with whom was *Michael O. Sheehan,* for the appellants (plaintiffs).

*Donald E. Wasik,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellees (defendants).

PETERS, J. The question presented by this appeal is whether the employment security board of review has a statutory obligation to provide unemployment compensation claimants with free transcripts of the proceedings before an appeals referee whenever the referee's decision is appealed to the board of review.

The plaintiffs, Brian Berger, Paul Maciejak and Kathleen Crawforth, claimed unemployment compensation benefits, pursuant to General Statutes § 31-240, and each was determined, after a hearing before an appeals referee, to be ineligible for the benefits claimed. Each plaintiff appealed the referee's decision, and each requested a free transcript of the hearing before the referee, which requests were denied. The plaintiffs then initiated this action against the defendants, the members of the employment security board of review (board of review), claiming that the defendants' refusal to pro-

vide them with free transcripts of the referees' hearings on request violated General Statutes § 31-272 (b).[1] The plaintiffs sought injunctive relief and relief in the nature of mandamus compelling the defendants to provide them, and others similarly situated, with (1) free transcripts of their hearings before appeals referees; and (2) notice of their right to such free transcripts upon the filing of an appeal to the board of review.[2] The trial court, *Mancini, J.,* denied the plaintiffs' requests for relief, holding that the defendants had no statutory obligation to provide the plaintiffs with free transcripts for use in preparing administrative appeals. The plaintiffs appeal from the judgment rendered in favor of the defendants. We find no error.

General Statutes §§ 31-240 through 31-249f set forth the procedures for determining claims for unemployment compensation benefits. Claims are initially pre-

---

[1] General Statutes § 31-272 (b) provides: "(b) LIMITATIONS ON FEES AND COSTS. (1) Neither the administrator nor his representatives nor the board and its referees nor any court or officer thereof shall charge or tax any fees or costs against any employee or employer in any proceeding regarding claims for benefits under this chapter, except the record fee on appeal to the supreme court; but when any appeal is taken to the superior court from the finding of the board and such appeal is found by said court to be frivolous, said court may tax costs in its discretion against the appellant. (2) Any individual claiming benefits in any proceeding before the administrator, an examiner, a referee or the board, may be represented by counsel or other authorized agent; but no such counsel or agent shall charge or receive for such services more than that amount approved by the administrator, or by the examiner, subject to revision by the administrator, by the referee or by the board before whom the proceedings are held, as the case may be."

[2] The plaintiffs sought to prosecute this case as a class action pursuant to General Statutes § 52-105 and Practice Book §§ 87 and 88. They claimed to represent the class composed of "all those who now or in the future are claimants of unemployment compensation benefits appealing a denial of such benefits by an Employment Security Appeals Referee." The trial court, *Stoughton, J.,* denied the plaintiffs' motion to certify the class, however, and the plaintiffs have proceeded with their individual claims. The defendants stipulated that they would apply the ruling in this case to other similarly situated unemployment compensation claimants, and that they would raise no objection to the plaintiffs' standing to claim a right to notice.

sented to an examiner who makes an administrative determination of the claimant's eligibility. General Statutes § 31-241.[3] Both the claimant and the employer

[3] "[General Statutes] Sec. 31-241. INITIAL DETERMINATION. NOTICE; APPEAL. The administrator, or a deputy or representative designated by him and hereinafter referred to as an examiner, shall promptly examine the initiating claim and, on the basis of the facts found by him, shall determine whether or not such claim is valid and, if valid, the weekly amount of benefits payable and the maximum possible duration thereof. He shall promptly notify the claimant of the decision and the reasons therefor, which notification shall set forth the provision of this section for appeal. The administrator, or deputy or representative designated by him and hereinafter referred to as an examiner, shall promptly examine each claim for a benefit payment for a week of unemployment and, on the basis of the facts found by him, shall determine whether or not the claimant is eligible to receive such benefit payment for such week and the amount of benefits payable for such week. The determination of eligibility by the administrator or an examiner shall be based upon evidence presented in person or in writing at a hearing called for such purpose. Notice of the decision and the reasons therefor shall be given to the claimant. The employers against whose accounts charges may be made due to any benefits awarded by the decision shall be notified of the initial determination of the claimant's benefit entitlement at the time notice is given to the claimant, which notification shall set forth the provisions of this section for appeal, provided any employer who claims that the claimant is ineligible for benefits because his unemployment is due to the existence of a labor dispute at such employer's factory, establishment or other premises, shall be notified of the decision and the reasons therefor, whether or not benefits awarded by the decision might be charged against such employer's account. The employer's appeal rights shall be limited to the first notice he is given in connection with a claim which sets forth his appeal rights, and no issue may be appealed if notice of such issue and the right to appeal such issue had previously been given. The decision of the administrator shall be final and benefits shall be paid or denied in accordance therewith unless the claimant or any of such employers, within twenty-one days after such notification was mailed to his last-known address, files an appeal from such decision and applies for a hearing. If the last day for filing an appeal falls on any day when the offices of the employment security division are not open for business, such last day shall be extended to the next business day. Where the administrator or examiner has determined that the claimant is eligible for benefits, benefits shall be paid promptly in accordance with the determination regardless of the pendency of the period to file an appeal or the pendency of such appeal. No examiner shall participate in any case in which he is an interested party. Any person who has filed a claim for benefits pursuant to an agreement entered into by the administrator with the proper agency under the laws of the United States, whereby the administrator makes payment of

have a right to appeal the examiner's decision to an employment security appeals referee, who conducts a hearing de novo and renders a decision accompanied by written findings of fact and conclusions of law. General Statutes § 31-242.[4] Any party, including the administrator, may then appeal the referee's decision to the board of review. General Statutes § 31-249.[5] An appeal

unemployment compensation out of funds supplied by the United States, may in like manner file an appeal from the decision of such claim and apply for a hearing, and the United States or the agency thereof which had employed such person may in like manner appeal from the decision on such claim and apply for a hearing."

[4] "[General Statutes] Sec. 31-242. REFEREE'S HEARING OF CLAIM ON APPEAL FROM EXAMINER: DECISION, NOTICES; DISQUALIFICATION OF REFEREE, CHALLENGE. Unless such appeal is withdrawn, a referee shall promptly hear the claim, de novo, and render a decision thereon. Unless he has waived the notice or agreed to a shorter period of time, notice, by mail or otherwise, of the time and place of such hearing shall be given each interested party not less than five days prior to the date appointed therefor. The parties, including the administrator, shall be notified of the referee's decision, which notification shall be accompanied by a finding of the facts and the conclusions of law upon which the decision is based. Such hearing shall be held by the referee designated by the chief referee. No referee shall hear an appeal if he has any interest in the proceeding or in the business of any party to the proceeding. A challenge to the interest of a referee may be made by any party to the proceeding. The decision on said challenge shall be made by the chairman of the board, after proceedings held in accordance with such rules of procedures as the board may establish."

[5] "[General Statutes] Sec. 31-249. APPEAL FROM EMPLOYMENT SECURITY REFEREE'S DECISION TO EMPLOYMENT SECURITY BOARD OF REVIEW. At any time before the referee's decision has become final within the periods of limitation prescribed in section 31-248, any party including the administrator, may appeal therefrom to the board. Such appeal shall be filed and may be heard in any local office of the employment security division or, in the case of an interstate claim, in the office in which the claim was filed, or in the office of the appeals referee or the board of review. Such appeal to the board shall be heard on the record of the hearing before the referee, provided if the ends of justice so require, the board may hear additional evidence or testimony. The board may remand the case to a referee for such further proceedings as it may direct. Upon the final determination of the appeal by the board, it shall issue its decision, affirming, modifying or reversing the decision of the referee. In any case in which the board modifies the referee's findings of fact or conclusions of law, the board's decision shall include its findings of fact and conclusions of law."

to the board of review "shall be heard on the record of the hearing before the referee, provided if the ends of justice so require, the board may hear additional evidence or testimony." Id.[6] If the board of review modifies the referee's findings of fact or conclusions of law, it must file its own written findings and conclusions. General Statutes § 31-249. After the parties have exhausted this administrative process, General Statutes § 31-249b[7] provides for judicial review of the decisions of the board of review by the Superior Court.

---

[6] In practice, the board of review hears additional evidence in approximately 5 percent of the appeals presented to it.

[7] "[General Statutes] Sec. 31-249b. APPEAL. At any time before the board's decision has become final, any party, including the administrator, may appeal to the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the appellant resides. Any or all parties similarly situated may join in one appeal. In such judicial proceeding the original and five copies of a petition, which shall state the grounds on which a review is sought, shall be filed in the office of the board. The chairman of the board shall, within the third business day thereafter, cause the original petition or petitions to be mailed to the clerk of the superior court and copy or copies thereof to the administrator and to each other party to the proceeding in which such appeal was taken; and said clerk shall docket such appeal as returned to the next return day after the receipt of such petition or petitions. In all cases, the board shall certify the record to the court. The record shall consist of the notice of appeal to the referee and the board, the notices of hearing before them, the referee's findings of fact and decision, the findings and decision of the board, all documents admitted into evidence before the referee and the board or both and all other evidentiary material accepted by them. Upon request of the court, the board shall (1) in cases in which its decision was rendered on the record of such hearing before the referee, prepare and verify to the court a transcript of such hearing before the referee; and (2) in cases in which its decision was rendered on the record of its own evidentiary hearing, provide and verify to the court a transcript of such hearing of the board. In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book. Such appeals shall be claimed for the short calendar unless the court shall order the appeal placed on the trial list. An appeal may be taken from the decision of the superior court to the supreme court in the same manner as is provided in section 51-197b. It shall not be necessary in any judicial proceeding under this section that exceptions to the rulings of the board shall have been made or entered and no bond shall be required for entering an appeal to the superior court. Unless the court shall otherwise order after motion and hear-

The trial court's memorandum of decision and the parties' stipulation reveal the following facts. The primary evidentiary hearing to determine eligibility for unemployment compensation benefits is before the appeals referee. Those proceedings are informal and are recorded on tape cassette. The defendants do not provide claimants with free transcripts of the referees' hearings. The tapes are not routinely transcribed unless there is an appeal to the Superior Court. The defendants will prepare a written transcript of a referee's hearing at a claimant's request, for use in preparing an appeal to the board of review, provided the claimant is willing to pay a transcription fee of $1.25 per page. The defendants will provide a claimant with a duplicate tape cassette, on request, for a fee of $5. The defendants do not routinely give notice to claimants of the availability of either tapes or transcripts. The defendants will provide free tapes or transcripts to indigent claimants when ordered by a court to do so.[8] At

---

ing, the final decision of the court shall be the decision as to all parties to the original proceeding. In any appeal in which one of the parties is not represented by counsel and in which the party taking the appeal does not claim the case for the short calendar or trial within a reasonable time after the return day, the court may of its own motion dismiss the appeal, or the party ready to proceed may move for nonsuit or default as appropriate. When an appeal is taken to the superior court, the clerk thereof shall by writing notify the board of any action of the court thereon and of the disposition of such appeal whether by judgment, remand, withdrawal or otherwise and shall, upon the decision on the appeal, furnish the board with a copy of such decision. The court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe. The court also may order the board to remand the case to a referee for any further proceedings deemed necessary by the court. The court may retain jurisdiction by ordering a return to the court of the proceedings conducted in accordance with the order of the court or the court may order final disposition. A party aggrieved by a final disposition made in compliance with an order of the superior court, by the filing of an appropriate motion, may request the court to review the disposition of the case."

[8] The defendants represented in this court that an indigent claimant may obtain a free tape on request, without a court order, upon the filing of an affidavit of indigency. Because the plaintiffs in this case have raised no

oral argument the defendants represented that, while it is their practice to permit any claimant, whether indigent or not, to listen, on request, to the defendants' copy of the tape, at a time and place convenient to the parties, they do not routinely give notice of this practice.[9]

At the outset it is useful to set forth the issues that are not now before us. The plaintiffs have raised no claim that the defendants' failure to provide them with written transcripts violates any provision of either the federal or state constitution. They have not alleged that the defendants have effectively prevented them from presenting their appeals to the board of review by denying them all access to the record of the factfinding hearings. They never sought access to the hearing tapes and raised no issue with respect to the tapes' availability. Further, the plaintiffs never claimed to be indigent, nor did they raise any claims concerning the rights of indigents. Finally, although the plaintiffs claimed in the trial court and in this court that the Freedom of Information Act compelled the defendants to provide them with written transcripts, the plaintiffs never filed complaints with the Freedom of Information Commission and did not plead any Freedom of Information Act violation in their complaint. There is, therefore, no issue properly before us with respect to the Freedom of Information Act.

issue concerning the rights of indigents, this factual discrepancy is immaterial.

[9] Although the plaintiffs did not seriously dispute the accuracy of the defendants' representation, they suggested that this court remand the case for factfinding on this issue. The plaintiffs, however, have never sought access to the hearing tapes and have raised no claim that they were completely denied access to any record of their hearings. Under these circumstances, we find the present record sufficient for the resolution of the claims that we must address in this case.

The plaintiffs' only claim on this appeal is that General Statutes § 31-244a,[10] which provides that "[a] record shall be prepared of all testimony and proceedings at any hearing before a referee . . . but need not be transcribed unless an appeal is taken from the referee's or board's decision," mandates the preparation of a written transcript whenever the referee's decision is appealed to the board of review, and that General Statutes § 31-272 (b) (1), which prohibits the taxing of "any fees or costs against any employee or employer in any proceeding regarding claims for benefits under this chapter," requires the defendants to provide the plaintiffs with written transcripts free of charge, regardless of their ability to pay. We disagree.

In examining the statutory requirements concerning the transcription of unemployment compensation hearing records, we must consider the statutory scheme as a whole, giving meaning to every section, and assuming no word or phrase to be superfluous. *State* v. *Freedom of Information Commission,* 184 Conn. 102, 107, 441 A.2d 53 (1981); *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 14, 434 A.2d 293 (1980). Where, as here, more than one statute is involved, we presume that the legislature intended them to be read together to create a harmonious body of law; *Vartuli* v. *Sotire,* 192 Conn. 353, 362, 472 A.2d 336 (1984);

---

[10] "[General Statutes] Sec. 31-244a. PROCEDURE ON APPEALS; HEARINGS; RULES OF EVIDENCE; RECORD. The conduct of hearings and appeals, including notice thereof, shall be in accordance with rules of procedure prescribed by the board. No formal pleadings shall be required, beyond such notices as the board provides for by its rules of procedure. The referees and the board shall not be bound by the ordinary common law or statutory rules of evidence or procedure. They shall make inquiry in such manner, through oral testimony and written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the provisions of this chapter. A record shall be prepared of all testimony and proceedings at any hearing before a referee and before the board but need not be transcribed unless an appeal is taken from the referee's or board's decision, as the case may be."

*McLaughlin Ford, Inc.* v. *Ford Motor Co.,* 192 Conn. 558, 563 n.7, 473 A.2d 1185 (1984); and we construe the statutes, if possible, to avoid conflict between them. *State* v. *West,* 192 Conn. 488, 494, 472 A.2d 775 (1984); *Blue Cross & Blue Shield of Connecticut, Inc.* v. *Mike,* 184 Conn. 352, 362, 439 A.2d 1026 (1981).

General Statutes § 31-244a, on which the plaintiffs rely, requires the defendants to maintain a record of the proceedings before an appeals referee and before the board of review. The statute provides further that the record "need not be transcribed unless an appeal is taken from the referee's or board's decision, as the case may be." General Statutes § 31-244a. The statute does not expressly require transcription of the record upon the filing of an appeal, either to the board of review or to the Superior Court. General Statutes § 31-249b,[11] which governs judicial review of the board of review's decisions, provides in part that *"[u]pon request of the court,* the board shall (1) in cases in which its decision was rendered on the record of such hearing before the referee, *prepare* and verify to the court *a transcript of such hearing before the referee;* and (2) in cases in which its decision was rendered on the record of its own evidentiary hearing, provide and verify to the court a transcript of such hearing of the board." (Emphasis added.)

If the plaintiffs were correct in their construction of § 31-244a that the filing of an appeal to the board of review automatically triggers the requirement that the referee's hearing record be transcribed, there would be no need for the provision of § 31-249b that, on the request of the court, the board of review shall prepare a transcript of the proceedings before the referee. Under the plaintiffs' construction, that transcript would have been prepared long before, at the last stage of the administrative process. We decline to adopt a recon-

---

[11] For the full text of General Statutes § 31-249b, see footnote 7, supra.

struction of § 31-244a which renders meaningless the requirement of § 31-249b (1). We hold, therefore, that § 31-244a merely authorizes the preparation of unemployment compensation hearing transcripts at the administrative appeal stage. It does not, as the plaintiffs contend, require such transcripts to be prepared at that stage as a matter of course.

Our conclusion that the defendants have no statutory obligation to prepare transcripts of proceedings before a referee serves to foreclose the plaintiffs' asserted right to receive such transcripts free of charge. Once it is determined that such transcripts are not a prerequisite to administrative review, the plaintiffs have no claim that they are improperly being assessed "costs or fees" in violation of § 31-272 (b). Although in their brief the plaintiffs appear to assert that this statute affords them an independent right to free transcripts, at oral argument it was conceded that the plaintiffs claimed a right to free transcripts under § 31-272 (b) only "if there must be a transcript under [§ 31-]244a."

The trial court, therefore, correctly concluded that there is no statutory requirement that the defendants provide the plaintiffs with free transcripts of their hearings before appeals referees.

There is no error.