[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' WHETHER COURT IN SUMMARY PROCESS ACTIONMAY EXTEND TIME TO PLEAD SO AS TO ALLOW FOR DISCOVERY
On December 8, 1994, plaintiff Kenneth Mackenzie filed this summary process action against defendants Anthony Rascati and Rascati Machine and Repair Service, Inc. On December 22, 1994, the plaintiff filed a revised complaint alleging that the defendants refused to quit possession of the premises located at 26 Water Street, New Haven, Connecticut, although their lease for the premises has expired by lapse of time. The plaintiff is seeking immediate possession of the subject premises.
In his revised complaint plaintiff Kenneth Mackenzie alleges that he is the lessor and the defendants are the lessees of commercial premises located at 26 Water Street, New Haven, Connecticut. The plaintiff further alleges that the defendants entered into a lease agreement and took possession of the subject premises for the term beginning August 1, 1994, and ending at midnight on the last day of said month, and thereafter beginning and ending month to month.
On December 22, 1994, the defendants filed a motion for extension of time to plead, requesting that they be given until three days after their receipt of the transcript of the plaintiff's deposition scheduled for January 9, 1995, within which to file a pleading. On December 29, 1994, the plaintiff filed a memorandum in opposition to the defendants' motion for extension of time to plead.
I. Statutory Provisions
The defendants' motion to extend the time to plead after receipt of responses to their discovery requests is rooted in General Statutes § 52-197 which states the following:
 (a) In any civil action, the court, upon motion of either party, may order disclosure of facts or disclosure, production and inspection of papers, books or documents by any party thereto, material to the moving party's cause of action or defense, and within the knowledge, possession or power of the adverse party.
 (b) The judges of the supreme court shall make rules to carry out the provisions of this section.
However, the plaintiff argues that a three-day pleading time mandated by another statute — the summary process statute, General CT Page 744 Statutes § 47a-26c — effectively disallows time for discovery until after the pleadings are closed. The specific language of General Statutes § 47a-26c is as follows:
 All pleadings, including motions, shall advance at least one step within each successive period of three days from the preceding pleading or motion.
Since ". . . [d]iscovery has been recognized as available in summary process actions"; Southland Corporation v. Vernon,1 Conn. App. 439, 448, 473 A.2d 318 (1979); there exists an apparent conflict between General Statutes § 52-197 and § 47a-26c in that ostensibly pleadings may not advance one step within each successive step of three days in summary process actions where discovery is sought because the time necessary to accomplish discovery most often exceeds three days. However, "[s]tatutes should be read so as to harmonize with each other, and not to conflict with each other." Tolly v. Department of Human Resources,225 Conn. 13, 28, 621 A.2d 719 (1993). Our Supreme Court has stated further that "[w]here, as here, more than one statute is involved, we presume that the legislature intended them to be read together to create a harmonious body of law." Berger v. Tonken,192 Conn. 581, 589 (1994). Adhering to the principle of harmonizing apparently contradictory statutes, this Court finds that the legislature intended to allow Courts to extend the three-day pleading frame in summary process actions when necessary to accommodate discovery.
II. Practice Book Provisions
Complementing the foregoing statutory procedural provisions are rules of the superior court, which procedurally also govern civil actions. These rules, adopted by the judges of the court, are codified in various sections of the Practice Book. Three Practice Book sections are of particular significance in this regard.[1] Firstly, Connecticut Practice Book Section 218 authorizes and governs discovery generally. Section 218 states in pertinent part that
 [i]n any civil action . . . where the court finds it reasonably probable that evidence outside the record will be required, a party may obtain . . . discovery of information or disclosure, production and inspection CT Page 745 of papers, books or documents material to the subject matter involved in the pending action. . . .
Secondly, Connecticut Practice Book Section 114 sets out the time parameters within which pleadings in civil action must advance; namely, three days in summary process actions, and fifteen days for other civil actions. Nevertheless, this section of the practice book does allow suspension of the time requirement for pleading when discovery is necessary. The last sentence of section 114 states that
 [t]he filing of interrogatories or requests for discovery shall not suspend the time requirements of this section unless upon motion of either party the court shall find that there is good cause to suspend such time requirements.
Thirdly, the judges in Practice Book § 6 have posited that"[t]he design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."
The Court finds that the foregoing rules certainly permit an extension of the three-day pleading time-frame in summary process actions so as to permit discovery.
Conclusion
The Court finds that the defendant's request for discovery establishes good cause for extension of the time to plead. Upon the foregoing statutory and rule authorities, the Court grants the defendant's Motion for Extension of Time to Plead.