[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts are quoted from this court's memorandum of decision on a prior motion to dismiss filed in this case.Hackett v. Commission on Human Rights and Opportunities, Superior Court, judicial district of Waterbury (December 13, 1994, Sullivan, J.). As the same facts are relevant to the present motion to dismiss, they are quoted in full:
 The plaintiff Kevin Hackett appeals from the dismissal of his complaint before the defendant Commission on Human Rights and Opportunities (CHRO). The plaintiff's complaint before the CHRO claimed violations by Waterbury First Church Housing (d/b/a Robin Ridge Apartments) of Title VII of the Civil CT Page 3024 Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (42 U.S.C.A. § 3600). The plaintiff's CHRO complaint was filed on December 16, 1993, and CHRO appointed an investigator pursuant to Chapter 814c of the General Statutes to investigate the allegations in the plaintiff's complaint. On March 9, 1994, CHRO sent to the plaintiff a notice that his complaint had been dismissed for lack of sufficient evidence.
 According to the plaintiff, a request for reconsideration dated March 12, 1994 was filed on March 17, 1994. However, the CHRO denies that it received the March 17, 1994 correspondence from the plaintiff. The only document CHRO asserts it received from the plaintiff was a letter of April 8, 1994, which offered additional evidence and several times referenced a "March 12, 1994 request for reconsideration." The defendant considered the April 8, 1994, correspondence to be a request for reconsideration, and denied it as untimely. Notice of the denial of reconsideration was mailed on July 11, 1994. This July 11, 1994 letter indicates that "[t]his denial of reconsideration is the Commission's final decision on your complaint." (Defendant's Exhibit C in support of the Motion to Dismiss.) The plaintiff filed an appeal to the Superior Court on August 24, 1994, within 45 days of the July 11, 1994 final decision.
 CHRO [initially moved] to dismiss the plaintiff's appeal for lack of subject matter jurisdiction. CHRO argues that the plaintiff's appeal was not filed within 45 days of the March 9, 1994 dismissal and, therefore, the appeal was not filed in accordance with the time constraints imposed by General Statutes § 4-183.
Hackett v. Commission on Human Rights and Opportunities, supra. Additional facts relevant to the present motion will be discussed below as required.
The defendant Commission on Human Rights Opportunities (CHRO) has filed another motion to dismiss, again arguing that the court lacks subject matter jurisdiction over the appeal because it was not filed within 45 days of the March 9, 1994 dismissal. The defendant argues that the recent supreme court CT Page 3025 decision, Commission on Human Rights and Opportunities v.Windsor Hall Rest Home, 232 Conn. 181, ___ A.2d ___ (1995) (hereinafter "CHRO v. Windsor Hall Rest Home"), which was decided after this court's decision on the earlier motion to dismiss, dictates that this court does not have subject matter jurisdiction over the plaintiff's appeal and authorizes the present motion to dismiss.[1]
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531,544-45, 490 A.2d 509 (1991).
 "`A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Chestnut Realty, Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 356, 514 A.2d 749 (1986); Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6, 363 A.2d 1386 (1975). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322, 497 A.2d 48 (1985); Royce v. Freedom of Information Commission, 177 Conn. 584, 587, 418 A.2d 939 (1979).
Vernon Village, Inc. v. Carothers, 217 Conn. 130, 142,585 A.2d 76 (1991).
As noted above, on March 9, 1994 the CHRO's investigator issued a finding of no reasonable cause pursuant to General Statutes § 46a-83(c) (Rev. to July 1, 1994)[2] and dismissed the plaintiff's complaint. General Statutes § 46a-83(c) (Rev. to July 1, 1994) dictates that
 [i]f the investigator issues a finding of no reasonable cause, the complainant may request reconsideration of such finding with the commission not later than fifteen days from the issuance of such finding. The commission shall reconsider or reject within ninety days of the issuance of such finding [of no reasonable cause]. CT Page 3026
The notice of dismissal sent to the plaintiff by CHRO indicated that
 [t]he complainant may apply for reconsideration of the disposition by filing in any office of the agency within fifteen (15) calendar days from the date of this letter, a written application [for reconsideration]. . . . The complainant may appeal a decision to deny the application for reconsideration to the Superior Court of the State of Connecticut. Any appeal must strictly comply with all the applicable statutory procedures, requirements and time frames.
(Plaintiff's Exhibit A in memorandum in opposition to defendant's motion to dismiss dated February 8, 1995).
General Statutes § 46a-94a provides that "any complainant . . . aggrieved by the dismissal of his complaint by the commission may appeal therefrom in accordance with section 4-183." Pursuant to General Statutes § 4-183(c), "[w]ithin forty-five days after the mailing of the final decision under section4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision . . . ." Failure to file an administrative appeal under General Statutes § 4-183 within 45 days of the mailing of the agency's final decision deprives the superior court of subject matter jurisdiction to hear the appeal. GlastonburyVolunteer Ambulance Assn., Inc. v. Freedom of InformationCommission, 227 Conn. 848, 854, 633 A.2d 305 (1993).
The defendant contends that, based on CHRO v. Windsor HallRest Home, supra, the filing of a request for reconsideration under General Statutes § 46a-83(c) (Rev. to July 1, 1994), whether timely or not, does not toll the forty-five (45) day period for filing appeals under General Statutes §§ 46a-94 and4-183. The defendant therefore argues that the CHRO investigator's dismissal of the plaintiff's CHRO complaint on March 9, 1994 was a final decision for the purposes of appeal pursuant General Statutes § 4-183 and the plaintiff's appeal was untimely. Accordingly, the issue raised by this motion to dismiss is whether a dismissal of a complaint before the CHRO based on a finding of no reasonable cause under General Statutes § 46a-83(c) (Rev. to July 1, 1994) is construed as a final decision for the purposes of appeal when a request for CT Page 3027 reconsideration under the same statute has been filed.
The issue, however, in CHRO v. Windsor Hall Rest Home, supra, 232 Conn. 182, was "whether, under the circumstances of [that] case, the oral decision of a presiding officer at an administrative hearing of the Commission on Human Rights and Opportunities . . . dismissing a complaint was a `final decision' of the Commission within the meaning of General Statutes § 4-183(c), so as to trigger the forty-five day time period within which a party may appeal." In Windsor Hall, a presiding officer at a contested case hearing dismissed the CHRO's complaint for failure to make a prima facia case. The hearing officer orally rendered his decision at the close of the hearing. Id., 184. The CHRO filed a petition for reconsideration under General Statutes § 4-181a(a)[3], which the hearing officer denied in a written decision. The CHRO appealed to the superior court pursuant to General Statutes § 4-183. The appeal was filed seventy-nine days after the oral decision and eleven days after the written decision denying the petition for reconsideration. The trial court dismissed the appeal for lack of subject matter jurisdiction because the appeal had not been filed within forty-five days of the hearing officer's oral decision. Id., 186.
The supreme court noted that the filing of a petition for reconsideration of a final decision pursuant to General Statutes § 4-181a does not toll the running of the forty-five day time limit under General Statutes § 4-183 for filing the appeal. Id., 187, citing Cassella v Dept. of Liquor Control, 30 Conn. App. 738,741, 622 A.2d 1018, cert. denied, 226 Conn. 909,628 A.2d 983 (1993). The CHRO argued, however, that an oral decision could not be a final decision and therefore, there was no final decision in the case for the purpose of appeal until the presiding officer issued the written decision denying the petition for reconsideration. The supreme court held that the presiding officer's oral decision was the final decision in the case, and therefore, the appeal period began to run at the time the hearing was closed and the oral decision was rendered. CHROv. Windsor Hall Rest Home, supra, 232 Conn. 188.
CHRO v. Windsor Hall Rest Home, supra, 232 Conn. 188, is distinguishable from the present case because the petition for reconsideration in that case was filed pursuant to General Statutes § 4-181a, and the plaintiff in the present case filed a request for reconsideration under General Statutes § 46a-83(c) CT Page 3028 (Rev. to July 1, 1994). The language of General Statutes § 46a-83(c) (Rev. to July 1, 1994) provides for the reconsideration of a "finding" of no reasonable cause, whereas General Statutes § 4-181a specifically provides for the reconsideration of a "final decision" following a contested case hearing under General Statutes § 4-181. The petition for reconsideration pursuant to General Statutes § 4-181a must be filed within fifteen days of the mailing or personal delivery of the final decision, and the agency's decision on the petition must be filed within twenty-five (25) days of the filing of the petition or it is deemed denied. General Statutes § 4-181a, see note 2, supra. Accordingly, under the statutory scheme provided by General Statutes § 4-181a, the complainant would still have five days to file the appeal under General Statutes § 4-183 after the denial of the petition.
General Statutes § 46a-83, on the other hand, establishes an informal process for bringing a discrimination complaint before the CHRO to investigate claims of discrimination prior to a hearing on the complaint. See Atkins v. Bridgeport HydraulicCo., 5 Conn. App. 643, 646-47, 501 A.2d 1223 (1985). As noted above, General Statutes § 46a-94a authorizes an appeal under General Statutes § 4-183 from the CHRO investigator's decision dismissing a complaint for no reasonable cause. Again, as noted above, General Statutes § 4-183 imposes a forty-five day deadline for the filing of the appeal. General Statutes § 46a-83(c) (Rev. to July 1, 1994), however, provides an investigator with ninety (90) days to reconsider or reject his finding following a request for reconsideration.
As a principle of statutory construction, statutes that relate to the same subject matter are read together and given a construction in accordance with the presumption that the legislature, in enacting the related provisions, intended to create a consistent body of law. Department of Admin. Serv. v.Employees' Review Bd., 226 Conn. 670, 679, 628 A.2d 957 (1993);Concerned Citizens of Sterling, Inc. v. Connecticut SitingCouncil, 215 Conn. 474, 482-83, 576 A.2d 510 (1990); Berger v.Tonken, 192 Conn. 581, 589, 473 A.2d 782 (1984). A court "must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve. Peck v. Jacquemin, 196 Conn. 53,63-64, 491 A.2d 1043 (1985)." Turner v. Turner, 219 Conn. 703,712-13, 595 A.2d 297 (1991). If the finding of no reasonable cause under General Statutes § 46a-83(c) (Rev. to July 1, 1994) CT Page 3029 is construed as a final decision when a request for reconsideration has been filed, as the CHRO now argues, the CHRO's denial of the request for reconsideration after the full ninety day period provided by the statute would foreclose the complainant's right to appeal that decision to the superior court, as is provided by General Statutes § 46a-94a. The terms of General Statutes § 46a-83(c) (Rev. to July 1, 1994) dictate that, following the filing of a request for reconsideration, the investigator "shall" reconsider or reject the finding within 90 days of the initial finding.[4] Therefore, when the plaintiff files a request for reconsideration, if the finding of no reasonable cause is the final decision for the purposes of appeal, the plaintiff would be forced to file the appeal within the time frame in which the investigator is required to respond to the request. The plaintiff, however, would have no final decision from which to appeal until the reconsideration is acted on, which may be forty-five days after the expiration of the period for filing the appeal.
It is noteworthy that the CHRO itself construed these provisions to provide for an appeal following the denial of a request for reconsideration, rather than the finding of no reasonable cause. The supreme court's holding in CHRO v.Windsor Hall Rest Home, supra, 232 Conn. 181, that General Statute § 4-183 was based in part on the CHRO's own characterization of the hearing officer's decision as a final decision. Id., 190. The court held that
 [a]lthough not determinative, it is significant that the agency itself implicitly interpreted its statutes and regulations as contemplating the oral decision as final. . . . [T]he commission filed its petition for reconsideration fifteen days after the oral decision `pursuant to . . . § 4-181a.'"
Id., 190-91. In the present case, the CHRO characterized their denial of the request for reconsideration, as opposed to the order dismissing the complaint, as "the Commission's final decision on your request." (Plaintiff's Exhibit E; Defendant's Exhibit C.) In the notice of the denial of the request on July 11, 1991, the CHRO represented to the plaintiff that "[t]his denial of reconsideration is the Commission's final decision on your complaint. Denial may be appealed by filing a petition in the Connecticut Superior Court . . . within forty-five (45) days after the mailing of this letter. Service must be made in CT Page 3030 accordance with the provisions of CONN. GEN. STAT. Sec. 4-183 as it reads after July 1, 1989." (Plaintiff's Exhibit E; Defendant's Exhibit C.) In addition, in the initial dismissal for no reasonable cause, the agency represented that "[t]he complainant may appeal a decision to deny the application for reconsideration to the Superior Court of the State of Connecticut." (Plaintiff's Exhibit A.)
Accordingly, when a timely[5] request for reconsideration is filed under General Statutes § 46a-83(c) (Rev. to July 1, 1994) from a finding of no reasonable cause, the final decision for the purposes of General Statutes § 4-183 and General Statutes § 46a-94a is the agency's decision denying a request for reconsideration under General Statutes § 46a-83.
Part of the basis, however, of the CHRO's argument on the present motion to dismiss, as well as the prior motion, is that the defendant did not file his request for reconsideration within 15 days of the March 9, 1994 notice of dismissal pursuant to General Statutes § 46a-83(c) (Rev. to July 1, 1994). The plaintiff alleged that he mailed the request for reconsideration to the CHRO on March 12, 1994. (Plaintiff's Complaint, ¶ 16.) The defendant contests this fact and both parties submitted affidavits in support of their respective positions on the motion to dismiss.
"[W]hen a motion to dismiss does not seek to introduce facts outside of the record it is equivalent to our former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. Brewster v.Brewster, 152 Conn. 228, 233, 206 A.2d 106 (1964)." AmericanLaundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983). A motion to dismiss may raise issues of fact and would, therefore, require a hearing to determine the facts.Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56,459 A.2d 503 (1983).
Sagamore Group, Inc. v. Commissioner of Transp., 29 Conn. App. 292,298, 614 A.2d 1255 (1992). However, "where affidavits contesting facts in the complaint are provided [along with a motion to dismiss], the trial court need not conclusively presume the validity of the allegations of the complaint."Amore v. Frankel, 228 Conn. 358, 366, 636 A.2d 786 (1994), citing Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). On deciding the motion to dismiss, the trial court CT Page 3031 can look to the uncontested evidentiary assertions contained in an affidavit in order to determine the jurisdictional issue.Amore v. Frankel, supra, 228 Conn. 364-69, 636 A.2d 786 (1994). "[I]n the absence of any disputed issues of fact pertaining to jurisdiction, there was no need to hold an evidentiary hearing before deciding the motion to dismiss. American LaundryMachinery, Inc. v. State, 190 Conn. 212, 218, 459 A.2d 1031
(1993)." Amore v. Frankel, supra, 228 Conn. 369.
In support of the motion to dismiss, the CHRO submitted the affidavit of Robert Zamlowki, the supervisor of CHRO's special enforcement unit that deals with discrimination complaints such as the plaintiff's complaint. Mr. Zamlowki avers that when reconsideration requests are received by the CHRO's main office at 90 Washington Street, Hartford, they are date-stamped and sent internally to the special enforcement unit, where their receipt is recorded in a log book by a clerk for the special enforcement unit. Mr. Zamlowki aver's that no log entry was made for the request mailed on March 17, 1994 and dated March 12, 1994. (Affidavit in Support of Defendant's Motion to Dismiss.)
The CHRO's affidavit does not challenge the allegation in the plaintiff's complaint that the CHRO received the letter at its 90 Washington Street address. Although the defendant offered evidence that the special enforcement unit never received the March 17, 1994 letter, the defendant failed to offer any evidence that the March 17, 1994 letter was not received at the CHRO office at 90 Washington Street, Hartford, as was required by statute and the CHRO itself.[6] No affidavit was submitted by the CHRO employee who initially receives the mail and date-stamps it at the CHRO office, and then directs it to the appropriate unit within CHRO. Rather, a close reading of the defendant's affidavit indicates only that the special enforcement unit within the CHRO's office never received the letter, and that to the affiant's knowledge and belief, the March 17, 1994 letter was not received within the 15 day period required by General Statutes § 46a-83(c) (Rev. to July 1, 1994).
There is no additional requirement that a request for reconsideration under General Statutes § 46a-83 be received internally by the special enforcement unit. Accordingly, the court is entitled to rely on the allegations of the plaintiff's complaint that the request for reconsideration was mailed in accordance with General Statutes § 46a-83(c) (Rev. to July 1, CT Page 3032 1994).[7] See Amore v. Frankel, supra, 228 Conn. 369.
Accordingly, based on the facts of-the present case, the denial of the request for reconsideration was the CHRO's final decision for the purposes of General Statutes § 4-183, rather than the investigator's finding of no reasonable cause. Therefore, the CHRO's final decision on the plaintiff's complaint was the July 11, 1994 denial of the request for reconsideration. Because the present appeal was filed within 45 days of this date, this court finds that this appeal was filed in accordance with the 45 day deadline of General Statutes § 4-183. Therefore, the CHRO's motion to dismiss is denied.
WILLIAM J. SULLIVAN, J.