[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Commission on Human Rights and Opportunities ("CHRO"), brought pursuant to General Statutes § 4-183 and § 46a-94a. On November 18, 1991, the plaintiff, Horace Studwell, filed a complaint with the CHRO against the defendant Tech Systems, A Division of Datron, Inc., ("Tech Systems"). In his complaint before the CHRO, the plaintiff alleged that because of his age, the defendant Tech Systems failed to hire him for a position for which he was qualified. The CHRO appointed an investigator to investigate the plaintiff's allegations pursuant to General Statutes § 46a-83(a) (Rev. to July 1, 1994). On February 9, 1993, the investigator dismissed the complaint, based on a finding of no reasonable cause pursuant to General Statutes § 46a-83(b). On February 24, 1993, the plaintiff filed a request for reconsideration with the CHRO pursuant to General Statutes § 46a-83, which was granted on July 8, 1993. The CHRO remanded the complaint to the same investigator, who administratively dismissed the plaintiff's CHRO complaint on November 9, 1993. It is alleged that CT Page 7607 the investigator did not respond to the additional allegations proffered by the plaintiff in his initial request for reconsideration. Rather, the investigator held that the initial request for reconsideration was erroneously granted by the CHRO. On November 24, 1993, the plaintiff requested another reconsideration, which was denied on July 11, 1994. On August 24, 1994, the plaintiff initiated this appeal from the dismissal of his CHRO complaint.
The defendants have moved to dismiss the complaint.[1] The defendants argue that the court lacks subject matter jurisdiction over the appeal because the appeal was not filed within 45 days of the November 9, 1993 dismissal. The defendants argue that the case Cassella v. Dept. of Liquor Control, 30 Conn. App. 738,741, 622 A.2d 1018, cert. denied, 226 Conn. 909,628 A.2d 983 (1993) dictates that a petition for reconsideration does not stay the time period for filing an appeal following a final decision. Therefore, the defendants argue that the dismissal of the plaintiff's CHRO complaint on November 9, 1993 was a final decision which commenced the 45 day period to appeal under General Statutes § 4-183.[2] Accordingly, the defendants argue that the period within which to file the appeal under General Statutes § 4-183 ended on December 24, 1993, 45 days after the second dismissal of the plaintiffs' CHRO complaint on November 9, 1993.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531,544-45, 490 A.2d 509 (1991).
 A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Chestnut Realty, Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 356, 514 A.2d 749 (1986); Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6, 363 A.2d 1386 (1975). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322, 497 A.2d 48 (1985); Royce v. Freedom of Information Commission, 177 Conn. 584, CT Page 7608 587, 418 A.2d 939 (1979).
Vernon Village, Inc. v. Carothers, 217 Conn. 130, 142,585 A.2d 76 (1991). Failure to file an administrative appeal under General Statutes § 4-183 within 45 days of the mailing of the agency's final decision deprives the superior court of subject matter jurisdiction to hear the appeal. Glastonbury VolunteerAmbulance Assn., Inc. v. Freedom of Information Commission,227 Conn. 848, 852, 633 A.2d 305 (1993).
General Statutes § 46a-83(c) (Rev. to July 1, 1994)[3]
dictates that
 [i]f the investigator issues a finding of no reasonable cause, the complainant may request reconsideration of such finding with the commission not later than fifteen days from the issuance of such finding or dismissal. The commission shall reconsider or reject within ninety days of the issuance of such finding [of no reasonable cause] or dismissal . . . .
In Hackett v. Commission on Human Rights and Opportunities,14 Conn. L. Rptr. 11 (March 29, 1995) (Sullivan, W., J.), this court addressed the precise issue raised by the defendants in the present case. In Hackett v. CHRO, supra, this court held that when a timely request for reconsideration is filed under General Statutes § 46a-83(c) (Rev. to July 1, 1994) from a dismissal under § 46a-83(b), the final decision for the purposes of General Statutes § 4-183 and General Statutes § 46a-94a is the agency's decision denying the request for reconsideration under General Statutes § 46a-83(c). See Hackett v. CHRO, supra,14 Conn. L. Rptr. 14.
As noted by this court in Hackett v. CHRO, supra, the petition for reconsideration in Cassella v. Dept. of LiquorControl, supra, 30 Conn. App. 738, was filed pursuant to General Statutes § 4-181a, whereas the request for reconsideration in the present case was filed pursuant to General Statutes § 46a-83. As this court noted, the distinction is critical, as
 [t]he language of General Statutes § 46a-83(c) (Rev. to July 1, 1994) provides for the reconsideration of a "finding" of no reasonable cause, whereas General Statutes § 4-181a specifically provides for the reconsideration of a "final decision" following a CT Page 7609 contested case hearing under General Statutes § 4-181. The petition for reconsideration pursuant to General Statutes § 4-181 a must be filed within fifteen days of the mailing or personal delivery of the final decision, and the agency's decision on the petition must be filed within twenty-five (25) days of the filing of the petition or it is deemed denied. General Statutes § 4-181a. Accordingly, under the statutory scheme provided by General Statutes § 4-181a, the complainant would still have five days to file the appeal under General Statutes § 4-183 after the denial of the petition [for reconsideration].
 General Statutes § 46a-83, on the other hand, establishes an informal process for bringing a discrimination complaint before the CHRO to investigate claims of discrimination prior to a hearing on the complaint. See Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 646-47, 501 A.2d 1223 (1985). . . . General Statutes § 46a-94a authorizes an appeal under General Statutes § 4-183 from the CHRO investigator's decision dismissing a complaint for no reasonable cause. . . . General Statutes § 4-183
imposes a forty-five day deadline for the filing of the appeal. General Statutes § 46a-83(c) (Rev. to July 1, 1994), however, provides an investigator with at least ninety (90) days to reconsider or reject his finding following a request for reconsideration.
 As a principle of statutory construction, statutes that relate to the same subject matter are read together and given a construction in accordance with the presumption that the legislature, in enacting the related provisions, intended to create a consistent body of law. Department of Admin. Serv. v. Employees' Review Bd., 226 Conn. 670, 679, 628 A.2d 957 (1993); Concerned Citizens of Sterling, Inc. v. Connecticut Siting Council, 215 Conn. 474, 482-83, 576 A.2d 510 (1990); Berger v. Tonken, 192 Conn. 581, 589, 473 A.2d 782 (1984). A court "must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve. Peck v. Jacquemin, 196 Conn. 53, 63-64, 491 A.2d 1043 (1985)." Turner v. Turner, 219 Conn. 703, 712-13, 595 A.2d 297 (1991). If the CT Page 7610 finding of no reasonable cause under General Statutes § 46a-83(c) (Rev. to July 1, 1994) is construed as a final decision when a request for reconsideration has been filed, as the CHRO now argues, the CHRO's denial of the request for reconsideration after the full ninety day period provided by the statute would foreclose the complainant's right to appeal that decision to the superior court, as is provided by General Statutes § 46a-94a. The terms of General Statutes § 46a-83(c) (Rev. to July 1, 1994) dictate that, following the filing of a request for reconsideration, the investigator `shall' reconsider or reject the finding within 90 days of the initial finding. Therefore, when the plaintiff files a request for reconsideration, if the finding of no reasonable cause is the final decision for the purposes of appeal, the plaintiff would be forced to file the appeal within the time frame in which the investigator is required to respond to the request. The plaintiff, however, would have no final decision from which to appeal until the reconsideration is acted on, which may be forty-five days after the expiration of the period for filing the appeal.
 Accordingly, it is submitted that when a timely request for reconsideration is filed under General Statutes § 46a-83(c) (Rev. to July 1, 1994) from a finding of no reasonable cause, the final decision for the purposes of General Statutes § 4-183 and General Statutes § 46a-94a is the agency's decision denying a request for reconsideration under General Statutes § 46a-83.
(Footnote omitted.) Hackett v. CHRO, supra, 14 Conn. L. Rptr. 13-14.
The procedural background in this case illustrates the infirmity of the defendants' argument. As noted above, on February 24, 1993, the plaintiff filed a request for reconsideration, which was granted on July 8, 1993, well over the ninety days required by § 46a-83(c). The CHRO argues that the initial dismissal of the plaintiff's complaint was not a final decision for the purposes of General Statutes § 4-183, because the CHRO granted the plaintiff's request for reconsideration some 133 days later. However, CHRO argues that the second dismissal of CT Page 7611 the plaintiff's complaint was a final decision for the purposes of appeal pursuant to § 4-183, because the CHRO denied the request some eight months later. Based on this reasoning, however, a CHRO complainant is not aware that the CHRO's decision is final for the purposes of appeal until the CHRO decides to grant or deny the request for reconsideration, possibly well beyond the forty-five day period to appeal the dismissal. Construing the dismissal as a final decision when a request for reconsideration is filed, as the defendants argue, renders the request for reconsideration provisions of General Statutes § 46a-83(c) (currently § 46a-83(e)) meaningless because the plaintiff will be forced to file an appeal after filing a request for reconsideration for fear that the CHRO will deny the reconsideration request after the forty-five day appeal period. See Hackett v. CHRO, supra, 14 Conn. L. Rptr. 13-14.
In the present case, the plaintiff filed his appeal within forty-five days of the July 12, 1994 (notice of) denial of the request for reconsideration. Accordingly, the defendants' motion to dismiss is denied.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN