[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR STAY
This case is part of a continuing saga of disagreements concerning the plaintiff, several tenants, and the Manchester Fair Rent Commission. The framework for the dispute, stated in undoubtedly oversimplified terms for the purpose of brevity, is that several tenants, including the defendants in this action, filed complaints with the Fair Rent Commission in May, 1996. In July, 1996, the commission issued a conditional order to the effect that until certain repairs were made, rent would be reduced by $50/month as to each complaining unit. The landlord appealed, and the this court stayed the order to the extent that the $50/month deductions were to be deposited with the plaintiff's attorney. That appeal should be heard on the merits within several months.
In the meantime, the plaintiff has instituted summary process actions against several of the tenants who complained to the commission. In the instant case, the landlord caused a notice to quit to be served on November 18, 1996, for lapse of time. The complaint, alleging lapse of an oral month to month lease, was served on December 7, 1996. The defendants in this case, along with, apparently, several others, complained to the Fair Rent Commission, which on December 13, 1996, issued a "cease and desist" order against the plaintiff, apparently on the ground that the contemplated eviction was brought in retaliation for the prior complaint to the commission. The plaintiff has appealed from that order to this court; a briefing schedule has not yet been established as to that appeal. No one has specifically sought to enforce the commission's cease and desist order.
The defendants are requesting the court to stay the pending summary process action. At oral argument, defense counsel did not rely solely or specifically on the commission's cease and desist order, but rather stressed the more generalized principles regarding stays as expressed in cases such as Griffin Hospital v.Commission on Hospitals, 196 Conn. 451 (1985). Griffin, of course, concerns the factors to be considered in the decision CT Page 2274 whether to stay an order of an administrative agency pending appeal. The context is, then, not precisely on point with the question of whether to stay an independent action while a related agency order is on appeal
The defendants quite correctly do not seem to be arguing that a municipal administrative agency has the power to stay a pending Superior Court case. Agencies in general have "only such powers as are expressly granted or necessarily implied to enable it to carry into effect the objects and purposes of [their] creation."Monroe v. Middlebury Conservation Commission, 187 Conn. 476,483-85 (1982). Any notion to the contrary would raise serious difficulties with the doctrine of the separation of powers.
The question, then, is whether the action should be stayed in the exercise of discretion. For the resolution of this question, one examines the overall statutory scheme. The goal of statutory construction is to give effect to the intent of the legislature.Vaillancourt v. New Britain Machine/Litton, 224 Conn. 382, 390
(1993). The actual language used is the best means to determine the intent; Stein v. Hillebrand, 240 Conn. 35, 40 (1997); if there is an ambiguity, guidance may be found in the context, history and existing legislation. State v. McVeigh,224 Conn. 593, 607 (1993). When it passes statutes, the legislature is presumed to be aware of all existing statutes and to intend to create a harmonious whole. Berger v. Tonken, 192 Conn. 581, 589
(1984); Stein v. Hillebrand, supra, 42-43.
Section 7-184d(b) allows the commission to determine, after a hearing, that a particular action of a landlord is retaliatory and may order him to cease and desist from such conduct. No specific definitions of what constitutes retaliation are provided. Title 47a of the General Statutes, on the other hand, which specifically governs summary process actions, also provides for a defense of retaliatory eviction, and prescribes with some specificity what is retaliatory for purposes of such a defense. See, e.g., §§ 47a-33, 47a-20 and 47a-20a of the General Statutes. If the statutes are to be read as a harmonious and consistent whole, it seems that the specific statutes defining retaliation in the context of summary process and housing law ought to govern exclusively the eviction process. If a commission makes a finding of retaliation which is ultimately upheld and enforced, an enforcement method independent of summary process is available. See § 7-148f of the General Statutes. CT Page 2275
I find, then, that the legislature has carefully delineated those situations which constitute "retaliation" for purposes of defenses to summary process actions and that an independent method exists to enforce findings of "retaliation" made by the commission. I decline, then, to stay this action pending resolution of the administrative activity, for to grant what amounts to a more or less indefinite stay would, in the specific context of this case, effectively be creating another defense. The defense of retaliation may, of course, be urged by the defendants in this case, and I am expressing no opinion at this point as to the merits of the defense. The motion for stay is denied.
Beach, J.