[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of a Fair Hearing Officer of the Department of Social Services. The appeal was taken by John Robert Thompson, the Administrator of the Estate of Florence Thompson, who had been the recipient of Title XIX Aid from the State of Connecticut.
Title XIX of the Social Security Act is a cooperative venture by the federal government and the State of Connecticut to assist the poor.
Florence Thompson was the recipient of Medicaid and Medical Assistance payments under Title XIX. Her qualifications and entitlement were established by the State of Connecticut on September 1, 1989. Benefits thereunder were received until her demise on March 2, 1997.
The penalty appealed from was imposed because of the transfer of a real estate asset namely the spousal residence she had owned and occupied with her husband John Robert Thompson. The reason for the penalty being imposed was twofold, first that the property was transferred without permission of the Commissioner of the Department of Social Services in violation of Section17b-85 of the Connecticut General Statutes and secondly that it was transferred for less than its fair market value in violation of Section 17b-100 of the Connecticut General Statutes.
There are actually two transfers of the subject property, the first being from the Conservator of her estate to her spouse, John Robert Thompson, the second transfer being from Mr. Thompson to his daughter-in-law Vincenza Richards. It is this latter transfer that is considered to be in violation.
The initial transfer was from John Robert Thompson as the conservator of her estate to himself. As her community spouse and the occupier of the property, this transfer is not being challenged. It is the subsequent transfer to his daughter-in-law that was deemed to be illegal. CT Page 14866
The Fair Hearing Officer upheld the Department in its finding that the community spouse made a transfer of assets for less than fair value while his institutionalized spouse was in receipt of Title XIX Medical Assistance Coverage for long term care after he gained control of the property thus violating policy rules. The Department's Uniform Policy Manual discloses that the institutionalized spouse may be penalized for a transfer made by her spouse if made within the look-back period or at any time after. He determined that the policy requires that the transfer of the home shall be for fair market value, or if not, then transferred to certain qualifying persons. Such a transfer for less than fair market value may be looked at at any time including after the initial month of eligibility of the institutionalized spouse.
He found that the transfer was made with an attempt to create an appearance of transferring same at fair market value but that it was clear that it was not an arm's length transaction; that the evidence clearly points to the conclusion that it was the intent of the appellant spouse and others to gain control of the former home property, from the Medicaid beneficiary, and transfer it to other relatives beyond any potential claim of the state without receipt of fair value.
The Hearing Officer found: that the Appellant was not eligible for Medicaid Long Term Care benefits from the date of the transfer in August 1996; that the Department is obliged to follow the procedures for collection of the overpayment resulting from the penalty period imposed, as a result of this transfer of the home for less than fair market value.
"Review of an appeal from the order of an administrative agency is limited to determining whether the agency's findings are supported by substantial and competent evidence and whether the agency's decision exceeds its statutory authority or constitutes an abuse of discretion." State v. Commission on HumanRights and Opportunities, 211 Conn. 464, 477. (Internal citations omitted)
Our Supreme Court in the case of New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 773 stated: "Judicial review of an administrative agency's action is governed by the Uniform Administrative Procedures Act and the scope of that review is very restricted. Neither this Court nor the trial court may retry the case or substitute it's own judgment for that of CT Page 14867 the defendant. The Court's ultimate duty is only to decide whether in light of the evidence the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion" (internal citations and quotation marks omitted).
Should the record disclose evidence that supports any one of the reasons given by the agency the decision of the agency must be upheld. Samperi v. Inland Wetlands Agency, 226 Conn. 579, 588.
While the transfer of the property from the Conservator to the defendant John Robert Thompson was an appropriate transfer, he being the community spouse and residing in their spousal residence at the time, the subsequent transfer was an obvious attempt to place the property beyond the reach of the State Department of Social Services. The transfer of the property with its paper mortgage and the ultimate receipt by the defendant Thompson of the sum of $25,000.00 a sum far less than its actual value clearly shows an intent to place the property beyond the reach of the State of Connecticut.
The defendant Thompson claims to have acted in good faith. This, the court cannot accept. The evidence at the hearing discloses that he was concerned about the propriety of the transaction so much so that subsequent to the sale he contacted the convalescent home to determine whether the state was still paying for the care of his spouse. This can hardly be called good faith. By transferring the property to the daughter-in-law the spousal exemption was lost thereby losing her eligibility for the program since the exemption lasted only so long as the property remained as his residence. Once the exempt status is lost and the property transferred to someone not eligible under both Federal and State law, it becomes a resource subject to lien rights of the state as established under Connecticut General Statutes §17b-100.
The appellant challenges the validity of the Statutes and Regulations as they relate to Title XIX. Reliance is placed on the federal language indicating that eligibility would not be affected by a transfer of property made exclusively for a purpose other than to qualify for Medicaid Assistance, 42 U.S.C. § 1396 (c) (2)(C). At the same time the appellant ignores the language setting forth the persons to whom the property may be transferred without penalty, a class of persons that does not include the daughter-in-law. CT Page 14868
They claim the sale of the property was not to qualify for medicaid assistance, since the recipient was already receiving such assistance. They fail to acknowledge the fact that at the moment the community spouse moved out of the marital residence, the recipient's eligibility for the program would have been lost, since the value of the property would no longer be exempt. The Uniform Policy Manual S.3028.10, which mirrors the Federal Law, indicates that where the property has been transferred to a person other than one qualifying under federal law and U.P.M. 30828.15, it becomes an asset at that time and is subject to lien rights under Connecticut General Statutes § 17b-100.
The law must be read so as to give meaning to its specific terms. These provisions cannot be nullified by the general provisions relating to a showing that assets can be transferred for a purpose other than to qualify for assistance. The statute must be read as a whole giving meaning to every section and assuming no word or phrase to be superfluous. Bergor v. Touken,192 Conn. 581, 589. The court must consider the statutory scheme as a whole giving meaning to every section and assuming that no word or phrase is superfluous.
To consider the general provision regarding a transfer for a purpose other than to qualify for assistance as overriding the more specific provision on transfers of the home, would be to nullify the specific terms of the statute spelling out the specific provision as to whom the home may be transferred without penalty.
Giving due consideration to the legislative scheme as a whole and giving meaning to every word and phrase, it is obvious the intent of the law was to place a limitation on who might be eligible as the transferee of the subject property.
The appellant claims further that pursuant to the Administrative Procedure Act, Section 4-167 (a)(2) and 17b-3 (a) (2) the defendant has failed to adopt regulations regarding the valuation of house property. The Department has rules and regulations regarding the formal and informal procedures to be followed in applying this area of the law. It was the transfer of asset policy that was required to be followed. The Department's presentation to the Hearing Officer included an evaluation of the property that was reasonable and consistent with established real estate techniques. CT Page 14869
The appellant further claims that 17b-85 violates our state constitution claiming that it takes away ones fundamental right to dispose of his property as he sees fit. While this might be true when considered in a vacuum, he fails to take into consideration that his spouse applied for and received medicaid assistance. This program is one that assists the less fortunate and in order to be eligible for this aid, there are certain restrictions that must be placed against any assets that one might have, including the disposition of any marital property.
The Court finds no evidence that the fair hearing officer acted arbitrarily, illegally or in abuse of its discretion.
Judgment may enter for the appellee-defendant.
THE COURT
CURRAN, J.