### RALPH H. CASSELLA *v.* DEPARTMENT OF LIQUOR CONTROL (11337)

LANDAU, HEIMAN and SCHALLER, Js.

Argued January 6—decision released March 30, 1993

*Jeremiah J. Morytko,* for the appellant (plaintiff).

*Martin Rosenfeld,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (state).

LANDAU, J. The plaintiff appeals from the trial court's judgment dismissing his appeal, for lack of subject mat-

ter jurisdiction, from the defendant's denial of renewal of the plaintiff's liquor permit. On appeal, the plaintiff claims that a motion for reconsideration tolls the forty-five day appeal period under General Statutes § 4-183 et seq. We affirm the judgment of the trial court.

The following facts are necessary to the resolution of this appeal. In 1979, the defendant department of liquor control issued the plaintiff a liquor permit. On March 11, 1991, the plaintiff filed an application for renewal of this permit. On April 4, 1991, the defendant received a remonstrance regarding the plaintiff and scheduled a hearing regarding the renewal of the plaintiff's liquor permit. Hearings were conducted on May 16 and May 21, 1991, and the defendant issued a decision denying the renewal of the plaintiff's permit on June 6, 1991. On June 20, 1991, the plaintiff filed a petition for reconsideration pursuant to General Statutes § 4-181a.[1] On June 27, 1991, the defendant denied the plaintiff's petition for reconsideration. The plaintiff appealed the denial of the renewal of the liquor permit to the Superior Court pursuant to General Statutes § 4-183 (a).[2]

---

[1] General Statutes § 4-181a provides in pertinent part: "(a) (1) Unless otherwise provided by law, a party in a contested case may, within fifteen days after the personal delivery or mailing of the final decision, file with the agency a petition for reconsideration of the decision on the ground that: (A) An error of fact or law should be corrected; (B) new evidence has been discovered which materially affects the merits of the case and which for good reasons was not presented in the agency proceeding; or (C) other good cause for reconsideration has been shown. Within twenty-five days of the filing of the petition, the agency shall decide whether to reconsider the final decision. The failure of the agency to make that determination within twenty-five days of such filing shall constitute a denial of the petition. (2) Within forty days of the personal delivery or mailing of the final decision, the agency, regardless of whether a petition for reconsideration has been filed, may decide to reconsider the final decision. (3) If the agency decides to reconsider a final decision, pursuant to subdivision (1) or (2) of this subsection, the agency shall proceed in a reasonable time to conduct such additional proceedings as may be necessary to render a decision modifying, affirming, or reversing the final decision."

[2] General Statutes § 4-183 (a) provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved

"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) *Citizens Against Pollution Northwest, Inc.* v. *Connecticut Siting Council,* 217 Conn. 143, 152, 584 A.2d 1183 (1991). " 'The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it.' " *Ierardi* v. *Commission on Human Rights & Opportunities,* 15 Conn. App. 569, 574, 546 A.2d 870, cert. denied, 209 Conn. 813, 550 A.2d 1082 (1988). The procedure for appeals from administrative agency decisions pursuant to General Statutes § 4-183 have been substantially changed over the past four years. Prior to 1988, a request for reconsideration under General Statutes (Rev. to 1987) § 4-183 (b),[3] "postpone[d] the running of the appeal period . . . until the decision thereon . . . so long as the request is filed with the agency within the period for the commencement of an administrative appeal by service upon the proper parties thereto." (Citations omitted; internal quotation marks omitted.) Id., 575.

by a final decision may appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal."

[3] General Statutes (Rev. to 1987) § 4-183 (b) provided in pertinent part: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. . . ."

In 1989, the Uniform Administrative Procedure Act, codified in General Statutes §§ 4-166 through 4-189, underwent a major revision. Among the revisions were the procedures for the appeal of an administrative agency decision pursuant to § 4-183 (c).[4] These revisions removed the capability to toll the appeal period by filing a petition for reconsideration with the agency.[5] The legislative history of the revisions as contained in the report and recommendations of the law revision commission states that "[a] petition for reconsideration is not a prerequisite for seeking judicial review (section 24) *and does not stay the time to appeal.*" (Emphasis added.) Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1988 Sess., p. 384.

The decision of the defendant was rendered on June 6, 1991. There is no indication in the record when the decision was mailed. The plaintiff, however,

---

[4] General Statutes § 4-183 (c) provides: "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford-New Britain. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."

[5] The legislative history does provide that if "the reconsideration petition is granted, the agency's subsequent action affirming, modifying, or reversing the final decision is . . . a new final decision to which a new appeal period applies." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1988 Sess., p. 384.

received notice of the decision on June 12, 1991. Even assuming that the decision was mailed on June 12, 1991, the appeal must have been filed "[w]ithin forty five days after mailing of the final decision," or no later than July 27, 1991. The plaintiff served notice of the appeal on the defendant on August 7, 1991, and filed the appeal in the Superior Court on August 9, 1991. Therefore, the appeal was untimely and the dismissal by the trial court was appropriate.

The judgment is affirmed.

In this opinion the other judges concurred.