[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Commission on Human Rights and Opportunities (CHRO) appeals a decision of the presiding officer at a CHRO hearing dismissing a complaint of racial discrimination which had been brought against the defendant Windsor Hall Rest Home. The discrimination complaint was brought by an employee of Windsor Hall, Wardine Couch, who alleged that Windsor Hall terminated her employment because of her race. The presiding officer acted pursuant to General Statutes 46a-86(e). This appeal is authorized by 4-183 and 46a-94a.
The essential facts are not in dispute. Defendant Windsor Hall discharged Ms. Couch on December 5, 1990. On January 29, 1991, Couch filed a complaint with the CHRO alleging that Windsor Hall had discriminated against her because of her race in violation of 46a-60 and Title VII of the Civil Rights Act of 1964. After an investigation, the CHRO made a finding of reasonable cause. The agency convened a hearing, which was held on November 3 and 4, 1992. The hearing was conducted by a presiding officer, Gail S. Kotowsky, whom the CHRO had appointed pursuant to 46a-84(b). The CHRO presented the complaint in behalf of Couch, who was present at all times. Windsor Hall appeared, represented by counsel. Couch and representatives of Windsor Hall testified and submitted documentary evidence.
Following the presentation of evidence by the CHRO, including the testimony of Couch and others, the CHRO attorney stated that the agency "does not have any witnesses further for its prima facie case." In response to a query from the presiding officer, the CHRO attorney stated, "We're resting on prima facie." At that point, the attorney for Windsor Hall moved that the complaint be CT Page 2062 dismissed on the basis that "(t)here is no evidence here that there was any racial motivation here." The CHRO attorney objected to the motion arguing that the agency had only to raise an inference of discrimination to establish a prima facie case and thereby shift the burden of articulating a legitimate, non-discriminatory reason for the termination to the employer, Windsor Hall.
The presiding officer orally granted Windsor Hall's motion to dismiss, stating that the CHRO had not established an inference of discrimination. The presiding officer's oral decision was delivered at the hearing on November 4, 1992, in the presence of counsel for the parties. She did not issue a written decision.
On November 19, 1992, the CHRO petitioned the presiding officer to reconsider her decision dismissing the complaint. On January 11, 1993, the presiding officer issued a written decision denying the petition for reconsideration. The CHRO filed this appeal in the court on January 22, 1993. The latter date is the seventy-ninth day after the presiding officer's oral decision dismissing the complaint.
Windsor Hall, in its brief, contends that the court lacks jurisdiction because the CHRO failed to file its appeal within forty-five days after the presiding officer's decision as required by 4-183. The CHRO argues, in opposition, that the presiding officer' s dismissal of the complaint at the hearing was not a final decision within the meaning of 4-183 because it was not in writing. The agency further argues that the forty-five day appeal period did not begin to run until January 11, 1993, when the presiding officer issued her written decision denying the CHRO's petition for reconsideration. The jurisdictional issue is dispositive of this appeal.
General Statutes 4-180 provides in relevant part that a final decision "shall be in writing or orally stated on the record" and that "(t)he final decision shall be delivered promptly to each party or his authorized representative, personally or by (certified mail)." Section 4-183(a) provides that an appeal of an administrative decision must be filed in the superior court "(w)ithin forty-five days after mailing of the CT Page 2063 final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer Ambulance Association, Inc. v. Freedom of Information Commission et al, 227 Conn. 848 (1993). A request for reconsideration of a final decision does not extend the time for filing an appeal. Cassella v. Department of Liquor Control, 30 Conn. App. 738 (1993).
The CHRO argues that the provisions of 46a-86(e), which pertains specifically to decisions of CHRO presiding officers, take precedence over the provisions of 4-180, which are of general applicability, citing Reed v. Planning and Zoning Commission, 12 Conn. App. 153
(1987); aff'd 208 Conn. 431 (1988). Section 46a-86(e) provides that if a presiding officer finds that no discrimination has occurred, the officer "shall state his findings of fact and shall issue and file with the commission and cause to be served on the respondent an order dismissing the complaint." The CHRO has also promulgated regulations, which in essence track the language of that statute. The CHRO argues that 46a-86(e) and companion regulations imply that a final decision of a CHRO presiding officer must be in writing, notwithstanding the more permissive provisions of 4-183, and that the officer's oral decision in this case was of no effect. Therefore, the CHRO argues, the appeal period did not begin to run on the date of that oral decision.
The court agrees with the CHRO that 46a-86(e) provides for a written decision by the presiding officer. But the CHRO's argument goes a giant step further. This is that the provisions of the statute and its companion regulations are mandatory and that failure to comply with them renders any decision void. This argument misperceives the legal effect of the statute.
In Statewide Grievance Committee v. Rozbicki,219 Conn. 473, 480-482 (1991), the court held
 (I)n the interpretation of statutes the word "shall" may have a meaning that is CT Page 2064 directory rather than mandatory. . . . .
 The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . If it is a matter of substance, the statutory provision is mandatory. . . If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words . . . Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply. . . . (Citations and internal quotation marks omitted).
A review of 46a-86(e) and its obvious purpose leads the court to conclude that the provisions implying that the presiding officer's decision be in writing are directory only and that failure to comply does not invalidate the decision nor affect its finality. In this case, the "prescribed mode of action," a written decision, is not the "essence of the thing to be accomplished." Here, the essence is the substance of the presiding officer's decision, not the form in which he or she renders it. Certainly, the provisions of 46a-86(e) which relate to writing are helpful in promoting order and system in the rendition of decisions, but these are not matters of substance. The court notes also that there are no words in the statute or regulations which even suggest that an oral decision is invalid or is not a final decision within the meaning of 4-183.
For all of the reasons set forth above, the court concludes that the presiding officer's oral decision dismissing the complaint on November 4, 1992 was the final decision for purposes of appeal pursuant to4-183. It follows that the appeal was not timely filed in this court and that, as a result, the court hacks subject matter jurisdiction. CT Page 2065
The appeal is dismissed.
MALONEY, J.