[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"`Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act'" (UAPA), sections4-166 through 4-189. Buckley v. Muzio, 200 Conn. 1, 2,509 A.2d 489 (1986). "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." General Statutes 4-183 (a). Suspension of a motor vehicle license satisfied the requirement under the UAPA that the plaintiff be aggrieved. Etheridge v. Goldberg,8 CSCR 235, 236 (January 25, 1993, Berger, J.); Marshall v. DelPonte,42 Conn. Sup. 602, 606, ___ A.2d ___ (1991, Clark, J.).
"Within forty-five days after mailing of the final decision . . . a person appealing . . . shall serve a copy of the appeal CT Page 2460 on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district . . . wherein the person appealing resides." General Statutes 4-183 (c).
The defendant argues that the plaintiff served the defendant more than forty-five days after February 11, 1993, the mailing date of the hearing officer's decision. The plaintiff argues that the decision was not final until February 22, 1993, the date that the Commissioner denied his petition for reconsideration.
A person may appeal a final decision of an administrative agency to the superior court. (Emphasis added.) General Statutes 4-183 (a). "The filing of a petition for reconsideration is not a prerequisite to the filing of . . . an appeal." General Statutes 4-183 (a). "`Final decision' means (A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176
or (C) an agency decision made after reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration." (Emphasis added.) General Statutes 4-166 (3); Cassella v. Department of Liquor Control,30 Conn. App. 738, 741, 622 A.2d 1018 (1993).
In the present case, the final decision was mailed on February 11, 1993. The plaintiff served the defendant on March 30, 1993, after the forty-five day time limitation. Furthermore, the plaintiff did not file the appeal with the superior court until April 8, 1993.
Accordingly, the appeal is dismissed.
/s/ Sylvester SYLVESTER, J. CT Page 2461