[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
FACTS
This is an administrative appeal by George Thomson, a pro se plaintiff, from a decision of the Commission on Human Rights and Opportunities. It lies under Connecticut General Statute §46a-83a.
The plaintiff filed a charge of discrimination against the Town of North Haven Police Department. He alleged that the department failed to take a complaint he wished to file against his ex-wife because of his sex. Defendant did however take complaints his ex-wife had filed against him. In accordance with Connecticut General Statutes § 46a-83b, the Commission dismissed plaintiff's affidavit of illegal discriminatory practices on the grounds that there was no reasonable possibility that investigating the complaint would result in a finding of reasonable cause. The plaintiff requested reconsideration of the dismissal. The request for reconsideration was rejected. This appeal followed.
On November 2, 1995, the defendant Town moved to dismiss the appeal for lack of subject matter jurisdiction. The basis of this motion is the claim that the appeal was not timely filed. The defendant Commission, although it had dismissed the original complaint, believing that the court had subject matter jurisdiction, opposed the Town's motion to dismiss.
DISCUSSION
Procedurally the parties are in agreement that this appeal comes to the superior court pursuant to the provisions of Connecticut General Statute § 4-183. It appeared to the court CT Page 14360 at argument on the motion to dismiss that the parties are in agreement that the key section before the court is found in §4-183(c) which provides in pertinent part:
 "Within 45 days after mailing of the final decision made under § 4-180, or if there is no mailing, within 45 days after personal delivery of the final decision under said section a person appealing as provided in this section shall serve a copy of the appeal upon the agency that rendered the final decision at its office or at the office of the attorney general in Hartford. . . ." [emphasis supplied].
However, after we arrive at the above quoted language the parties disagree. The first problem arises because the 45 day period refers to a final decision under § 4-180 of the Connecticut General Statutes. Section 4-180 controls appeals in "contested cases." "Contested cases" are defined in § 4-166(2). Suffice it to say that contested cases are cases in which there has been a hearing. The present proceeding is a complaint review under § 46a-83 and not a contested case as that term is defined in either § 4-166(2) or § 4-180.
This appeal would appear to be authorized under § 46a-94a
which allows an appeal by:
 "Any respondent or complainant aggrieved by a final order of a presiding officer or any complainant aggrieved by the dismissal of his complaint by the commission may appeal therefrom in accordance with § 4-183. . . ." [emphasis supplied].
It therefore appears to this court that the appeal is pursuant to § 4-183 but not pursuant to the requirements of § 4-180. It further appears to this court that the appeal must be within 45 days of a "final decision." The real argument between the parties is whether or not the request for reconsideration, which was filed in a timely manner, extended the appeal period. Perhaps more accurately, the question is whether the request for reconsideration made the action in dismissing the complaint something less than a "final decision."
This court is aware that the Supreme Court has previously held that a request for reconsideration did not extend the appeal period. Commission on Human Rights and Opportunities v. WindsorHall Rest Home, 232 Conn. 181 (1995). However, it is clear that CT Page 14361 the order at issue in Windsor Hall resulted from a "contested case" and therefore to the extent that the court was concerned with reconsideration, it was examining the requirements of §4-180(c) which are not applicable to the present dispute. The court also recognizes that the Supreme Court has held:
 "Moreover, the filing of a petition for reconsideration of an agency decision does not toll the running of the 45 day time limit." Cassella v. Department of Liquor Control, 30 Conn. App. 738, 741, cert. denied, 226 Conn. 909.
Cassella also concerned a "contested case." In reading Cassella
it is somewhat difficult to determine whether the presence of a contested case was essential to the decision. The Appellate Court held:
 "In 1989, the Uniform Administrative Procedure Act, codified in General Statutes §§ 4-166 through 4-189 underwent a major revision. Among the revisions were the procedures for the appeal of an administrative agency decision pursuant to § 4-183(c). These revisions removed the capability to toll the appeal period by filing a petition for reconsideration with the agency. The legislative history of the revisions as contained in the report and the recommendations of the law revision commission states that `a petition for reconsideration is not a prerequisite for seeking judicial review and does not stay the time to appeal."' Cassella at 741.
The superior court in Horace Studwell v. Connecticut CHRO, etal, 14 Conn. L. Rptr. No. 14, 421 (August 21, 1995) held in an opinion by Sullivan, W.J., that the fact pattern before this court was distinguishable from Windsor Hall and Cassella. Largely relying on the fact that reconsideration in a contested case must be completed within 40 days, while reconsideration under the present fact pattern could take 90 days, the court ruled that when the appeal by the complainant is pursuant to § 46a-83a
reconsideration, in effect, extends the appeal period.
Judge Sullivan wrote:
 "The procedural background in this case illustrates the infirmity of the defendant's argument. As noted above, on February 4, 1993, the plaintiff filed a request for reconsideration which was granted on July 8, 1993 well over the 90 days required by § 46a-83(c). The CHRO argues that CT Page 14362 the initial dismissal of the plaintiff's complaint was not a final decision for the purposes of General Statute § 4-183 because the CHRO granted the plaintiff's request of reconsideration some 133 days later. However, CHRO argues that the second dismissal of the plaintiff's complaint was a final decision for the purpose of the appeal pursuant to § 4-183, because the CHRO denied the request some eight months later. Based upon this reasoning however, the CHRO complainant is not aware that the CHRO's decision is final for the purpose of appeal until the CHRO decides to grant or deny the request for reconsideration, possibly well beyond the 45 day period to appeal the dismissal. Construing the dismissal as a final decision when a request for reconsideration is filed, as the defendants argue, renders a request for reconsideration provisions of General Statute § 46a-83c meaningless because the plaintiff will be forced to file an appeal after filing a request for reconsideration for the fear that the CHRO will deny the reconsideration request after the 45 day appeal period. See Hackett v. CHRO, 14 Conn. L. Rptr. 13-14 [a similar decision also decided by Judge Sullivan].
This court has some difficulty reconciling the language which it has quoted from Cassella with the holding in Studwell.
What is clear to this court is that the appeal must be taken under § 4-183 within 45 days of a "final decision." It appears to the court that since § 4-183 clearly controls the appeal, one must look to the Uniform Administrative Procedure Act to ascertain what is a "final decision." The Uniform Administrative Procedure Act, in § 4-166(3), defines "final decision" as follows:
 "`Final decision' means (A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to § 4-176 or (C) an agency determination after reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency or a ruling of an agency granting or denying a petition for reconsideration."
The instant case does not present a determination in a contested case. It is equally clear that it does not present a declaratory ruling issued by an agency pursuant to § 4-176. However, § 4-166(3) appears to clearly state that the agency ruling granting or denying a petition for reconsideration of a "final decision" is not a "final decision." The section is CT Page 14363 equally clear that a preliminary or intermediate ruling of an agency is not a "final decision." Since it appears to the court that the agency decision before it is not a "final decision", as that term is defined in § 4-166c, the court concludes that the agency decision before it is a preliminary or intermediate ruling of the agency made under § 446a-83. This appeal when viewed in the language of § 46a-94a is not an appeal by a complainant aggrieved by a final order of a presiding officer but rather is an appeal by a complainant aggrieved by the dismissal of his complaint by the Commission. Such a dismissal of the complaint by the Commission is not a final order within the definition set forth in § 4-166 at least when reconsideration has been requested. The court holds that when reconsideration has been requested the dismissal does not become final until the agency has either denied reconsideration or reconsidered the appeal.
In addition, the court notes that while failure to request reconsideration is not an administrative remedy which must be exhausted under the Administrative Procedure Act, failure to wait for a decision on reconsideration which has been requested, but not acted upon, may be a failure to exhaust remedies. In the more familiar contested case fact pattern, the decision on reconsideration would be made before the expiration of the 45 day appeal period. In the present case, if one must request reconsideration and appeal in order to protect appellate rights, the court could be in the position of hearing and deciding an appeal before the 90 day period for final action set forth in § 46a-83 has expired.
For the foregoing reasons, the motion to dismiss is denied.
The court by,
Kevin E. Booth, Judge