[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
Plaintiff Clarence B. Hendrix appeals the decision of the defendant commission on human rights and opportunities dismissing his complaint of employment discrimination, filed against defendant Aetna Life Insurance Company. Before the court are the defendants' motions to dismiss the appeal. The court determines that it lacks subject matter jurisdiction over the appeal.
The facts essential to the court's decision on the defendants' motions are not in dispute and are fully set forth in the plaintiff's petition on appeal. Following an investigation of the plaintiff's complaint to the commission, the commission notified the plaintiff on November 7, 1995, that it found no reasonable cause to believe that an act of discrimination had occurred. On December 3, 1995, the plaintiff filed a request for reconsideration On March 19, 1996, the commission notified the plaintiff of its denial of his request for reconsideration on the basis that the request had not been filed within the time prescribed by statute. The plaintiff then served and filed this appeal in this court on May 3, 1996.
General Statutes § 4-183(c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal' within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer Ambulance Association,Inc. v. Freedom of Information Commission et al,227 Conn. 848 (1993).
In the present case, the appeal was filed and served almost five months after the commission's decision CT Page 5985 dismissing the complaint and, therefore, would clearly be in violation of the jurisdictional requirements of § 4-183. The only question is whether the plaintiff's request for reconsideration and the commission's action on that request extended the time to appeal under § 4-183.
A request for reconsideration of an administrative agency's final decision; that is, a decision rendered after a hearing, does not ordinarily extend the time limit for filing an appeal in Superior Court. Cassella v.Department of Liquor Control, 30 Conn. App. 738 (1993). As the commission points out in its brief, however, there are conflicting Superior Court decisions on the issue whether a request for reconsideration of the dismissal of a complaint prior to hearing, pursuant to § 46a-83(e), extends the appeal period.
In the present case, the court concludes that the plaintiff's request for reconsideration of the dismissal of his complaint did not extend the appeal period. A basic principle of administrative law is that appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnapol v. Connecticut SitingCouncil, 212 Conn. 157, 163-164 (1989). The plaintiff appeals in this case pursuant to §§ 4-183 and 46a-94a, and the appeal necessarily invokes § 46a-83(e). The latter statute, as noted, permits a complainant to request reconsideration of an adverse decision on his complaint. The plaintiff did not, however, comply with the provisions of § 46a-83(e). That statute requires the disappointed complainant to make the request for reconsideration "not later than fifteen days from the issuance of such finding or dismissal." According to his petition on appeal, the plaintiff filed his request for reconsideration on December 3, 1995, which was twenty-six days after the commission issued its dismissal of his complaint. Since he did not comply with § 46a-83(e), that statute may not be used to extend the time limit imposed by the appeals statute, § 4-183.
For all of the above reasons, the court concludes that the appeal in this case was not filed within the time limit imposed by the applicable statutes, and the CT Page 5986 court, accordingly, lacks jurisdiction to hear and decide the case. The appeal is dismissed.
MALONEY, J.