[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs R L Auto Service, Inc. and Louis Esposito appeal the decision of the defendant department of motor vehicles imposing a civil fine and issuing other orders. The department acted pursuant to General Statutes § 14-106b. The plaintiffs appeal pursuant to § 4-183. The court determines that it lacks jurisdiction over the subject matter of the appeal. CT Page 6074
The facts concerning the court's jurisdiction are essentially not in dispute and are reflected in the court's file and in the plaintiffs' petition on appeal In their petition, the plaintiffs state that the department issued its final decision, adverse to them, on June 8, 1995. The plaintiffs requested reconsideration on June 22, 1995. The department denied the request on June 28, 1995. On July 14, 1995, the plaintiffs served this appeal on the department. Subsequently, on August 1, 1995, the plaintiffs filed the appeal in Superior Court in New Haven.
The court must "fully resolve" any jurisdictional question before considering the merits of an appeal. Castro v. Viera,207 Conn. 420, 429 (1988). Prior to the hearing on this appeal, the court notified the parties that it would raise the issue of its jurisdiction sua sponte, based on the length of time between the issuance of the department's decision and the filing of the appeal. At the hearing, there was no significant dispute concerning the facts summarized above.
General Statutes § 4-183(c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction Glastonbury VolunteerAmbulance Association, Inc. v. Freedom of Information Commissionet al, 227 Conn. 848 (1993). A request for reconsideration of a final decision does not extend the time limit. Cassella v.Department of Liquor Control, 30 Conn. App. 738 (1993).
In the present case, the plaintiffs' petition and the court's record establish that the appeal was filed in the court on the fifty-fourth day after the "issuance" of the department's final decision. On the basis of that fact and in the absence of any evidence to the contrary, the court infers that the appeal was filed more than forty-five days after the department mailed the decision to the plaintiffs. Accordingly, the court lacks subject matter jurisdiction over the appeal under the rule of theGlastonbury Volunteer Ambulance Association case, supra.
The appeal is dismissed. CT Page 6075
MALONEY, J.