[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an administrative appeal from a decision or the defendant state of Connecticut Department or Social Services (DSS). The appeal is brought pursuant to General Statutes § CT Page 137744-183 under the Uniform Administrative Procedure Act (UAPA). General Statutes § 4-166, et seq. Because this appeal was untimely filed, it is ordered dismissed.
The facts are not in dispute. The DSS decision was issued on July 10, 1996, denying benefits to Edna Robertson. On July 24, 1996, Robertson requested reconsideration of the decision. Ms. Robertson died on August 17, 1996.[1] On August 21, 1996, C. David Munich was appointed executor of the estate of Edna Robertson. The appeal was served on August 22, 1996, and filed in court on August 30, 1996.
General Statutes § 4-183 requires that administrative appeals shall be filed within forty-five days after the mailing of the decision. This appeal though served within forty-five days was not filed until fifty days after the mailing of the decision.
The plaintiffs' July 24, 1996 request for reconsideration did not toll the forty-five day appeal period. CHRO v. Windsor HallRest Home, 232 Conn. 181, 187 (1995); Cassella v. Department ofLiquor Control, 30 Conn. App. 738, 741 cert. denied,226 Conn. 909 (1993).
"The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it."Ierardi v. CHRO, 15 Conn. App. 569, 574 cert. denied,209 Conn. 813 (1988). "Appeals to courts from administrative agencies exist only under statutory authority. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Citations and internal quotation marks omitted.) Citizens Against PollutionNorthwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152
(1991).
The mandatory nature of both the forty-five day service and filing requirements was reviewed and reaffirmed in GlastonburyVoluntary Ambulance Assn. v. FOIC, 227 Conn. 848, 852-54 (1993).
Plaintiff cites § 52-594[2] which extends the time limit for commencement of a personal action for an executor. The dispositive issue is, however, whether the forty-five day period for filing an administrative appeal is a jurisdictional prerequisite, or analogous to a statute of limitations, thus subject to tolling. This distinction was addressed in Ecker v.CT Page 13775West Hartford, 205 Conn. 219, 231-32 (1987):
 In deciding whether a time limitation contained within a statute is subject to waiver, we must determine whether the limitation is substantive or procedural in nature. A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. Where the limitation is deemed procedural and personal it is subject to being waived unless it is specifically pleaded because the limitation is considered merely to act as a bar to a remedy otherwise available.
 Where, however, a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not the remedy alone. The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived.
(Internal quotation marks and citations omitted.)
The forty-five day limit is contained in the UAPA which creates the right of action that did not exist at common law. The forty-five day period is jurisdictional and may not be waived.
The court sua sponte determines that it is without jurisdiction and dismisses the appeal.
Robert F. McWeeny, J.