[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff Charles Brown files this appeal from the doings of the Commissioner of The Department of Environmental Protection. The Commissioner moves to dismiss the appeal claiming that the appeal was not timely filed.
The plaintiff is the owner of land located on the shore of Coventry Lake in the town of Coventry. The Coventry Lake Water Ski Club, Inc. filed an application with the Commissioner (Department of Environmental Protection) seeking authorization to place a marked water ski slalom course in said Coventry Lake. General Statutes § 15-134(f) requires the written authorization of the Commissioner to place such marked course on the waters of said lake. General Statutes § 15-134(f)(2) requires that the Commissioner hold a public hearing in the town . . . "giving all towns involved and all interested persons an opportunity to present their views."
The public hearing was held on May 2, 1996. The Proposed Final CT Page 7714 Decision states "I conducted a public hearing in Coventry on May 2, 1996, accepted additional evidence thereafter, and closed the record on June 6, 1997." The Final Decision is dated September 19, 1997. It states as follows:
 "Having reviewed the proposed final decision in this matter, and no party objecting thereto, I hereby adopt as my own the hearing officer's findings of fact and conclusions of law and accept his recommendation that the permit sought be granted in accordance with the staff's draft permit (DEP Ex. 8) and the hearing officer's recommended modifications thereof.
 Sidney Holbrook Commissioner"
The decision was delivered to the representative of the applicant, Mr. Semprebon and to the state Boating Division by certified mail, and was received by them on September 24, 1997.
At the request of the plaintiff, the Boating Division Officer Mr. Payton "faxed" a copy of the unsigned permit to the plaintiff, informing the plaintiff that "Once this permit is signed, it will become official" (Plaintiff's Exhibit A). The fax was sent on October 15, 1997.
The plaintiff, by letter dated October 29, 1997 wrote to Arthur J. Rocque, Jr., Commissioner of Environmental Protection as follows:
 "Pursuant to Connecticut General Statutes 4-181a I hereby request that you reconsider your final decision regarding the above referenced application." (Plaintiff's Exhibit B). The letter also states "Due to statutory time constraints. I am sending you this notice via fax . . ."
The parties agree, per the briefs, that the permit bears the signature date of signing as November 30, 1997.
The plaintiff served this appeal upon the Attorney General and upon Coventry Lake Water Ski Club on January 14, 1998. Thereafter the plaintiff filed the appeal with the clerk of the superior court on January 21, 1998. CT Page 7715
 I
The parties are at issue as to which of two statutory time periods for taking an appeal are applicable as concerns the taking of this appeal.
General Statutes § 15-125 provides that "Any person aggrieved by an order or decision of the Commissioner of Environmental Protection. . . may appeal to the superior court. . . within 30 days after such order or decision takes effect." This provision appears in one of the statutes within Chapter 268, Boating, which is the chapter dealing specifically with boating activities. If this statute were to be applicable, the time for taking the appeal would have expired December 30, 1997, substantially prior to any service of process or filing concerning this appeal.
The plaintiff contends that this appeal is governed by the provisions of Chapter 54, Uniform Administrative Procedure Act. General Statutes § 4-185 states "(b) Notwithstanding any other provision of the general statutes to the contrary in existence on July 1, 1989, this chapter shall apply to all agencies and agency proceedings not expressly exempted in this chapter."
General Statutes § 4-183(c) provides "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court . . ."
The record in this case reveals that the final decision of the Commissioner, captioned "FINAL DECISION" is dated September 19, 1997 and was delivered to the parties to the application on September 24, 1997 by certified mail, return receipt requested. The two parties, Allen Semprebon for the Coventry Lake Water Ski Club, Inc. and R. Michael Payton for the Department of Environmental Protection — Boating Division, signed the return receipts.
General Statutes § 4-180 provides that "The final decision shall be delivered promptly to each party or his authorized representative, personally or by United States mail, CT Page 7716 certified or registered mail, postage prepaid, return receipt requested."
The plaintiff was not a "party" to the permit application "Water Ski Course Permit #0329108017B (Coventry Lake)," or to the administrative proceedings before the Commissioner. General Statutes § 4-166 (8) defines a party as follows:
 "(8)`Party' means each person (A) whose legal rights, duties or privileges are required by statute to be determined by an agency proceeding and who is named or admitted as a party, (B) who is required by law to be a party in an agency proceeding or (C) who is granted status as a party under subsection (a) of section 4-177a."
General Statutes § 4-177a(a) grants to a person the right to the status of a party if the person has submitted a written petition to the agency at least five days before the hearing, and demonstrates that his rights shall be specifically affected by the agency's decision. General Statutes § 4-177(a)b gives to the presiding officer the discretion to grant party status if the person has filed a written petition at least five days before the hearing, if it is in the interests of justice and will not impair the orderly conduct of the hearing. General Statutes § 4-177e allows the presiding officer to waive the five day requirement, on a showing of good cause.
The plaintiff did not at any time file a petition to become a party to the proceedings. As a legal stranger to the proceedings he was not entitled to receive notice of the commissioner's decision. As an interested person he may have a right to appeal if he has "standing", which does not depend upon party status, but he is still bound by the forty-five day provision in the same fashion as would be a "party" to the proceedings. The law does not grant to persons greater rights than those granted to parties.
There is no legal requirement that the decision of the agency be announced by publication or the like. The plaintiff claims that his first notice was when he observed water skiing activity in middle or late September. He then went to the Town Clerk, and on October 14 contacted the D.E.P. (Department of Environmental Protection). On October 29 he faxed a letter to the Commissioner stating "I hereby request that you reconsider your decision . . . " referencing General Statutes § 4-181a. The letter further CT Page 7717 reflects urgency" . . .Due to statutory time constraints . . .". See Exhibit B.
First, reconsideration petitions are available to parties and may be filed within fifteen days after personal delivery or mailing of the final decision. General Statutes § 181 a. The plaintiff was not a party. Even if he had been a party, the request for reconsideration would have been filed forty days
after the mailing of the final decision, and hence would not have been in compliance with General Statutes § 4-181 a. Furthermore, even if the plaintiff had been a party and was therefore entitled to file for reconsideration, and filed within fifteen day period, yet "a petition for reconsideration is not a prerequisite for seeking judicial review, and does not stay thetime for appeal. Cassella v. Department of Liquor Control,30 Conn. App. 738, 741 (1997) (emphasis in the original).
First, the signing of the permit is a ministerial act required in futherance of the final decision. Second, the letter of December 2, re the request for reconsideration, under the circumstances of this case, is a matter of courtesy and cannot extend an appeal period. Third, even if the issuing of the permit were to be considered a condition so as to postpone the effective date of which proposition the court does not accept, yet the appeal would not have been properly taken within forty-five from November 30, 1997.
The sheriff's return demonstrates that the parties to the appeal were served process on January 14, 1998. However, the appeal was not filed in court until January 21, 1998, which is beyond forty-five days from November 30, 1997.
 The legislature intended the forty-five day time limitation for filing an appeal under the UPA to remain a prerequisite to subject matter jurisdiction.
 Glastonbury Volunteer Ambulance Assn., Inc. v. FOIC, 227 Conn. 848, 854 (1993). (Emphasis added).
It is clear that an appeal under General Statutes § 4-183
must be filed with the clerk of the court within the forty-five days after the decision.
This appeal was not taken within the time period provided by General Statutes § 15-125. This appeal was not taken within CT Page 7718 the time period provided by General Statutes § 4-183. The court lacks subject matter jurisdiction. The motion to dismiss the appeal is granted.
L. Paul Sullivan, J.