[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This case involves an appeal pursuant to the Uniform Administrative Procedure Act, General Statutes §§ 4-166, 4-183
("UAPA"). The court finds that the appeal was untimely filed and grants the motion to dismiss filed by the State of Connecticut Department of Social Services ("DSS"). The facts underlying this case are not essentially in dispute.
On July 23, 1997, Grace Belanger applied for Medicaid assistance through her daughter, Bonnie Gauthier. On July 28, 1998, the Medicaid application was denied by DSS based on Grace Belanger's assets exceeding the asset limit for Medicaid assistance. A fair hearing was requested on August 17, 1998. Grace Belanger died on December 4, 1998. On March 10, 1999. DSS issued, through a fair hearing officer, a decision upholding the denial of Medicaid assistance. On or about April 30, 1999, Bonnie Gauthier was appointed fiduciary for the Estate of Grace Belanger.
The DSS final decision on the Medicaid application was issued on March 10, 1999. The appeal was served on April 23, 1999 but CT Page 13089 not filed until May 10, 1999.
General Statutes § 4-183 requires that administrative appeals shall be filed and served within forty-five days after the mailing of the agency's final decision. This appeal, though served within forty-five days, was not filed until sixty days after the mailing of the decision. The plaintiffs request for reconsideration which was filed in this case and denied on March 29, 1999, did not toll the forty-five day appeal period. See CHROv. Windsor Hall Rest Home, 232 Conn. 181, 187 (1995); Cassella v.Department of Liquor Control, 30 Conn. App. 738, 74, cert denied,226 Conn. 909 (1993).
The basic rule concerning the filing of administrative appeals is: "The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." (Citations omitted; internal quotation marks omitted.) Ierardi v.CHRO, 15 Conn. App. 569, 574, cert denied, 209 Conn. 813 (1988). "Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . ." (Citations omitted; internal quotation marks omitted.) Citizens Against PollutionNorthwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152
(1991).
The mandatory nature of the forty-five day filing requirement was reviewed and reaffirmed in Glastonbury Volunteer AmbulanceAssn. v. FOIC, 227 Conn. 848, 852-54 (1993). The plaintiff relies on the provisions of General Statutes § 52-594[1], which extends the time limit for commencement of a personal action for an executor. The dispositive issue in this appeal is whether the forty-five day period for filing an administrative appeal is a jurisdictional prerequisite, or rather analogous to a statute of limitations. A jurisdictional substantive requirement is not subject to tolling, whereas a statute of limitations may be. This holding was made by our Supreme Court in Ecker v. West Hartford,205 Conn. 219, 231-32 (1987):
 In deciding whether a time limitation contained within a statute is subject to waiver, we must determine whether the limitation is substantive or procedural in nature. . . . A statute of limitations is generally considered to be procedural, especially where the statute contains only a CT Page 13090 limitation as to time with respect to a right of action and does not itself create the right of action. . . . Where the limitation is deemed procedural and personal it is subject to being waived unless it is specifically pleaded because the limitation is considered merely to act as a bar to a remedy otherwise available. . . .
 Where, however, a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not the be treated as an ordinary statute of limitations, but rather is a limitation on the liability itself, and not of the remedy alone. The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived. . . .
(Citations omitted; internal quotation marks.) Id.
The forty-five day time limit at issue in this case is contained in the UAPA provision which creates the right of action that did not exist at common law. New England RehabilitationHospital of Hartford, Inc. v. CHHC, 226 Conn. 105, 120 (1993);Johnson v. Dept. of Public Health, 48 Conn. App. 102, 110 (1998).
The appeal is untimely and the motion to dismiss is granted. Accordingly, the plaintiffs administrative appeal is dismissed.
Robert F. Mcweeny, J.