[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
In this action against the defendants, the town of Trumbull and the Connecticut Commission on Human Rights and Opportunities[1] (CHRO), the pro se plaintiffs, Alexander and Barbara Langer, seek judicial review of a decision by the CHRO dismissing their complaint that the town denied them equal public accommodation because of their Hungarian ancestry and national origin. The town and the CHRO now move to dismiss the appeal on the ground that the court lacks subject matter jurisdiction.
The plaintiff alleges the following facts. On January 2, 1997, a deputy sheriff and members of the Trumbull public works department entered the plaintiffs' house, removed their personal possessions and placed them in storage pursuant to an eviction proceeding. The deputy sheriff informed the plaintiffs that, if they did not claim their possessions within fifteen days, the town might sell them. However, the plaintiffs allege that the deputy director of public works, Leonard Provenzano, informed them in a telephone conversation more than two months later that the department would continue to store their possessions until April 15, 1997. On April 10, 1997, when the plaintiffs telephoned Provenzano to tell him that they were ready to reclaim their belongings, he said, "I do not need any f***ing immigrants in this town. I dumped everything three (3) weeks ago. I hate foreigners, its over." (Plaintiff's Memorandum of Law, p. 4.) Hoping to recover some of their belongings, the plaintiffs asked the town to reveal the location of the disposal site. The public works director replied that the location of the disposal site was confidential and that their possessions had been destroyed.
On May 22, 1997, the plaintiffs filed a complaint with the CHRO alleging that the town had violated 46a-64(a) of the General Statutes and denied them equal public accommodation by destroying their possessions due to their Hungarian ancestry and national origin. On December 8, 1998, following an investigation, the CHRO dismissed the complaint on the merits for no reasonable cause. Two weeks later, the plaintiffs timely filed a request CT Page 13786 that the CHRO reconsider the dismissal. On January 21, 1999, the plaintiffs filed an appeal to this court. The CHRO filed a motion seeking to dismiss the appeal on February 24, 1999, and the town filed a similar motion on March 2, 1999, on the ground that the court lacks subject matter jurisdiction because the plaintiffs have failed to exhaust their administrative remedies and the summons did not name the CHRO as a defendant.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983); see alsoSadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995).
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli,Inc. v. Town of Branford, 247 Conn. 407, 410, 722 A.2d 271
(1999).
The defendants argue that the court lacks subject matter jurisdiction and that the motion to dismiss should be granted because the plaintiffs have failed to exhaust their administrative remedies. Specifically, the defendants argue that, under § 46a-83(e) of the General Statutes, the plaintiffs may appeal to the court only after the CHRO renders a decision on the request for reconsideration. The defendants conclude that, because the CHRO has not yet acted upon the request, the plaintiffs have not exhausted their administrative remedies.
In response, the plaintiffs argue that the court has subject matter jurisdiction and that the defendants' motion should be denied because § 4-183 of the General Statutes permits an aggrieved party to file an appeal for judicial review within 45 days of an administrative agency's final decision. The plaintiffs argue that the CHRO issued its final decision on December 8, 1998. They argue that a request for reconsideration is not a prerequisite to the filing of such an appeal and does not stay CT Page 13787 the time to appeal. The plaintiffs therefore argue that their appeal to the court was properly filed.
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) O G Industries,Inc. v. Planning Zoning Commission, 232 Conn. 419, 425,655 A.2d 1121 (1995). "The doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review." Johnson v. Dept. of Public Health,48 Conn. App. 102, 111, 710 A.2d 176 (1998).
Chapter 54 of the General Statutes, "The Uniform Administrative Procedure Act," governs the management of state agencies, including commissions. See General Statutes § 4-166
et seq. Section 4-183(a) of the act provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal." Subsection (c) of § 4-183 provides that the person appealing must serve a copy of the appeal on the agency that rendered the final decision within forty-five days after the final decision is mailed.
Chapter 814c of the General Statutes, entitled "Human Rights and Opportunities," pertains to the activities of the Commission on Human Rights and Opportunities, discriminatory practices, the procedures for filing complaints and private rights of action. See General Statutes § 46a-51 et seq. Section 46a-83(e) provides in relevant part: "If the investigator [of a complaint filed with the CHRO] issues a finding of no reasonable cause or if the complaint is dismissed . . . . the complainant may request reconsideration of such finding or dismissal with the executive director of the commission, or his designee, not later than fifteen days from the issuance of such finding or dismissal. The executive director of the commission, or his designee, shall reconsider or reject within ninety days of the issuance of such finding or dismissal." Section 46a-94a further provides: "[A]ny complainant aggrieved by . . . rejection of reconsideration of any dismissal as provided in subsection (e) of said section46a-83, may appeal therefrom in accordance with section4-183 . . . ." CT Page 13788
"It is a well-settled principle of [statutory] construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." (Internal quotation marks omitted.) In re Darlene C., 247 Conn. 1, 14, 717 A.2d 1242
(1998). "Ordinarily [the] court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes." (Internal quotation marks omitted.) Angelsea Productions, Inc. v. CHRO,236 Conn. 681, 688, 674 A.2d 1300 (1996). In the present case, the plaintiffs' request for reconsideration of the CHRO's dismissal is governed not by the more general provisions applicable to administrative agencies contained in § 4-183 of the General Statutes, but by §§ 46a-83(e) and 46a-94a of Chapter 814c, which the legislature specifically created to regulate discriminatory practices by public agencies. To date, the CHRO has not yet acted upon the plaintiff's request for reconsideration under the provisions of Chapter 814c. Accordingly, the plaintiffs have not exhausted their administrative remedies and this court does not have subject matter jurisdiction.
The plaintiffs cite Casella v. Department of LiquorControl, 30 Conn. App. 738, 622 A.2d 1018 (1993), for the proposition that a plaintiff must appeal an administrative agency's dismissal to the Superior Court within forty-five days, as specified in § 4-183(c). However, Casella is distinguishable from the present case because it did not involve a discrimination complaint. See Casella v. Department of LiquorControl, supra. Rather, the plaintiff in Casella appealed a decision denying renewal of a liquor permit pursuant to §4-181a. See Casella v. Department of Liquor Control. supra. Under that provision, a complainant has fifteen days in which to file a petition for reconsideration in a contested case, and the agency has twenty-five days in which to act upon the petition. See General Statutes § 4-181a(a)(1). If the agency denies the petition after twenty-five days, the complainant has five days remaining in which to file an appeal under the forty-five day requirement of § 4-183(a). See Casella v. Department ofLiquor Control, supra, 30 Conn. App. 739-40, n. 2. In the present case', however, the plaintiffs filed a request for reconsideration pursuant to § 46a-83(e), which provides that the CHRO has ninety days after dismissing a complaint in which to reconsider or reject. Under § 46-94a, the plaintiffs must CT Page 13789 appeal a rejection of their request pursuant to § 4-183. Other courts have also construed § 46a-94a[2] to mean that the CHRO's rejection of a request for reconsideration is the final decision for purposes of appeal. See Hackett v. Commissionon Human Rights and Opportunities, Superior Court, judicial district of Waterbury, Docket No. 122312 (March 29, 1995,Sullivan, J.) (14 Conn. L. Rptr. 11).
Under § 46a-83(e), a complainant is not required to file an application for reconsideration. Thus, the plaintiffs in this action could have appealed the CHRO's dismissal of their complaint directly to the court. Section 48a-83a provides that such an appeal shall be brought pursuant to §§ 46a-100 and46a-102 to 46a-104, inclusive. However, since the plaintiffs chose to file a request for reconsideration, the provisions of §§ 46a-83(e) and 46a-94a now govern.
Nonetheless, the plaintiffs may seek judicial review of the dismissal if the CHRO ultimately rejects their request for reconsideration. "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made."Gurliacci v. Mayer, 218 Conn. 531, 544-45, 490 A.2d 509 (1991). The CHRO dismissed the plaintiff's complaint on December 8, 1998. The CHRO filed its motion to dismiss on the ground that the court lacked subject matter jurisdiction seventy-nine days later, on February 24, 1999. Therefore, the CHRO has eleven days following issuance of this opinion in which to render a final decision. If the CHRO rejects their request, the plaintiffs may seek judicial review within forty-five days. See General Statutes §46a-94a.
Because the plaintiffs have failed to exhaust their administrative remedies and the court does not have subject matter jurisdiction, there is no need to determine whether the summons in this action improperly omitted naming the CHRO as a defendant. Accordingly, the court grants the defendants' motion to dismiss.
DAVID W. SKOLNICK, JUDGE