[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff appeals, pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq., 4-183, from a letter dated March 6, 2000 by the defendant, Department of Public Utility Control ("DPUC"). The DPUC filed a motion to dismiss on July 19, 2000 on the ground that the court lacks subject matter jurisdiction.[1] For the reasons set forth below, the motion to dismiss is granted.
In this case, the DPUC by letter dated March 6, 2000 notified the plaintiff that he was not a party to a DPUC proceeding involving the Department of Corrections's decision to contract with MCI and did not have standing to challenge the terms of that contract. The plaintiff received the March 6, 2000 letter on March 7, 2000. By letter dated March 13, 2000, the plaintiff responded to the March 6, 2000 letter. On April 24, 2000, the plaintiff filed a fee waiver with the court, which was granted on May 1, 2000. The plaintiff served his appeal on May 22, 2000 and filed the appeal with the court on June 6, 2000.
The UAPA requires that appeals from state agency decision be filed as follows: "Within forty-five days after mailing of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the Superior Court. . . ." General Statutes § 4-183 (c). The failure of the plaintiff to file and serve its appeal within the time perimeters of 4-183 (c) deprives the court of subject matter jurisdiction. Glastonbury Volunteer Ambulance Ass'n., Inc.v. FOIC, 227 Conn. 848 (1993); Commission on Human Rights andOpportunities v. Windsor Hall Rest Home, 232 Conn. 181, 187 (1995).
The court finds that the DPUC letter was dated and mailed on March 6, 2000.[2] Under General Statutes § 4-183 (c), the plaintiff was required to file and served his appeal on or before April 20, 2000 The CT Page 13090 file indicates that the plaintiff appeal was served on May 22, 2000 and filed on June 5, 2000. Either date is untimely under General Statutes § 4-183 (c).
The plaintiff argues that his March 13, 2000 letter requesting reconsideration extended the appeal period. A request for reconsideration does not toll the running of the forty-five day time limit where the agency does not respond or denies such a motion. See, e.g. Cassella v.Department of Liquor Control, 30 Conn. App. 738, 741 (1993); Commissionon Human Rights and Opportunities v. Windsor Hall Rest Home, supra,232 Conn. 187; General Statutes § 4-183 (a).
The plaintiff contends that on April 19, 2000, he applied for a waiver of fees under § 4-183 (m) and that the forty-five day time limitation was tolled "until such time as a judgment on such application is rendered." Under subsection (in) of § 4-183, the time limitation to appeal is tolled when the fee waiver is filed with the clerk of the court. The fee waiver must be filed with the court within the time perimeters for taking the appeal. The file indicates that the fee waiver was filed with the court on April 24, 2000 beyond the forty-five day time limitation. Since the fee waiver was not timely filed, the tolling provision under § 4-183 (m) cannot occur.
Therefore, the plaintiffs appeal is dismissed for lack of subject. matter jurisdiction.[3]
Henry S. Cohn, Judge