[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On October 3, 2000, the petitioner, New London Housing Authority, filed an appeal from a decision rendered by the respondent, the State Board of Labor Relations. On November 6, 2000, the respondent filed the present motion to dismiss part of the appeal on the ground that the court lacks subject matter jurisdiction On November 17 2000, the petitioner filed its objection to the motion The court heard oral argument on the motion on November 27, 2000.
The following facts are not disputed. On April 11, 1996, a local unit of the trade union, known as local 1303-287, council 4, AFSCME, AFL-CIO (local 287), filed a complaint against the petitioner with the respondent, alleging that the petitioner had repudiated a provision of the collective bargaining agreement with the union (claim by local 287). The complaint alleges that the repudiation constituted a "prohibited practice" within the meaning of General Statutes § 7-470.[1] On April 2, 1998, the respondent held a hearing on the complaint. At the end of the hearing, the respondent allowed local 287 to amend its complaint to join a parallel claim by another unit of the union, known as local 1303-171 (local 171) (claim by local 171).
On August 6, 1999, the respondent issued a decision in favor of the claim by local 171, but dismissed the claim by local 287 for lack of evidence (first decision). On August 18, 1999, local 287 filed a motion for reconsideration, pursuant to General Statutes § 4-181a,[2]
claiming that it had discovered new evidence that would compel the respondent to rule in favor of its claim.[3] On August 30, 1999, the CT Page 4054 respondent granted the motion for reconsideration. On December 21, 1999, the respondent held a hearing on the new evidence. On August 30, 2000, on the basis of the new evidence, the respondent issued a revised decision in favor of the claim by local 287 (second decision).
The respondent's motion to dismiss is directed to the part of the appeal from the respondent's decision in favor of the claim by local 171. It is not disputed that the part of the appeal regarding the claim by local 287 is timely and, therefore, not subject to the motion to dismiss.
 DISCUSSION
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a); see alsoZizka v. Water Pollution Control Authority, 196 Conn. 682, 687,490 A.2d 509 (1985). A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis added; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[O]nce the question of lack of jurisdiction of a court is raised, [i]t must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1,4, 675 A.2d 845 (1996).
"`Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal.' (Citations omitted; internal quotation marks omitted.) Citizens Against Pollution Northwest,Inc. v. Connecticut Siting Council, 217 Conn. 143, 152, 584 A.2d 1183
(1991). The failure to file an "appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." (Internal quotation marks omitted.) Cassella v. Dept. of Liquor Control, 30 Conn. App. 738, 740,622 A.2d 1018, cert. denied, 226 Conn. 909, 628 A.2d 983 (1993).
In its motion to dismiss, the respondent makes the following argument. The court lacks subject matter jurisdiction over the part of the appeal from the respondent's decision in favor of the claim by local 171. The court has no jurisdiction because the petitioner failed to file the appeal within the appeal period of forty-five days as mandated by General Statutes § 4-183 (c) (appeal period).[4] The respondent's first CT Page 4055 decision was a final decision regarding the claim by local 171 from which an appeal lied. That is because the second decision did not modify or change in any way the first decision regarding the claim by local 171; it only modified the earlier decision regarding the claim by local 287.
In opposition to the present motion to dismiss, the petitioner argues as follows. The petitioner need not file an appeal from the first decision within the appeal period because the first decision in its entirety was opened, within the appeal period, by the respondent's granting of the motion for reconsideration of the first decision. The second decision subsequently rendered by the respondent modified or vacated the first decision in its entirety. Therefore, the second decision is the only final decision from which an appeal lies, and it is not disputed that the petitioner has timely filed its appeal from the second decision. Therefore, the court has subject matter jurisdiction of the appeal in its entirety.
The petitioner does not dispute the fact that the second decision only modified the first decision regarding the claim by local 287 on the basis of newly discovered and admitted evidence, but did not change or modify in any way the decision regarding the claim by local 171. Nor does it claim that the language of the two written decisions is ambiguous in any way. The dispute between the parties are only about legal conclusions, specifically, whether the respondent's granting of the motion for reconsideration, filed by local 287, has opened the first decision in its entirety, and whether the second decision has replaced the first decision in its entirety and become the only final decision regarding both of the claims. Where there is no genuine issue as to any material fact, the court decides the above issues as a matter of law.
It should be noted, first, that the first decision in fact contains two rulings or decisions, one in favor of the defendant regarding the claim by local 287, and the other against the defendant regarding the claim by local 171. Because the respondent was presented with two parallel claims in the administrative action, it must render a decision specifically on either of the claims. Likewise, the petitioner must appeal specifically from either of the rulings or decisions. Had the petitioner appealed then, it could have appealed from only the decision that ruled against it, the decision regarding the claim by local 171.
The motion for reconsideration, filed by local 287, was concerned solely with the respondent's decision regarding the claim by local 287. Local 171 was not a party to that motion for the obvious reason that it had nothing to appeal from in the wake of the respondent's decision in favor of its claim. The respondent's granting of that motion was restricted to a reconsideration of the decision regarding the claim by CT Page 4056 local 287, but not the claim by local 171. It is groundless, therefore, for the petitioner to argue that the respondent's granting of that motion opened the decision regarding the claim by local 171 or the first decision in its entirety.[5]
Because the respondent's. second decision does not modify or change its first decision regarding the claim by local 171 in any way, the first decision was the "final decision," within the meaning of General Statutes § 4-166 (3), regarding the claim by local 171 from which an appeal lied.[6] It is not disputed that the claim by local 171 against the petitioner was "contested" within the meaning of § 4-166 (2),[7] and that the respondent rendered the decision regarding the claim by local 171 as an administrative agency within the meaning of § 4-166 (1).[8]
By having failed to appeal then from the final decision regarding the claim by local 171 within the appeal period, the petitioner is barred from making the appeal now.
For all of the reasons explained above, the respondent's motion to dismiss the appeal claimed by local 171 is granted.
Martin, J.